GARLINGTON v. COPELAND.

1. INJUNCTION BOND—DAMAGES.—In action to require an insolvent defendant to account for rents and profits of certain lands of plaintiffs, and to enjoin him from meantime enforcing a judgment which he held against plaintiffs, an interlocutory injunction was granted, as prayed for, which the court refused to vacate, and an appeal from this latter order was dismissed upon the ground that the order was not appealable. Finally, the action was dismissed on the ground that plaintiff had not title to the lands as to which they sought an accounting. *Held*, that the injunction being merely ancillary to the main case, and only falling with it, defendant was not entitled to recover, under the injunction bond, the amount of fees paid by him to his attorneys in seeking to have the injunction dissolved.

2. IBID.—IBID.—EVIDENCE.—It was not error to admit in evidence an assignment of this judgment, made by defendant before the injunction was granted, and such assignment shows that expenses incurred by defendant in seeking to dissolve this injunction, were unnecessarily incurred by him.

3. IBID.—IBID.—The defendant is not entitled to recover any damages under a statutory injunction bond, after complaint dismissed, where the court has never declared that plaintiffs were not entitled to the injunction which they obtained.

Before GARY, J., Laurens, February, 1894.

Proceeding by defendant to recover damages under an injunction bond, given by plaintiffs in the case of Mary Y. Garlington and George F. Young against George P. Copeland. The master's report was as follows:

The order of this court, passed herein on the 20th day of May, 1890, provides, amongst other things, that said cause be, and the same is hereby, referred to C. D. Barksdale, Esq., master for said county, to ascertain and report to this court what amount of damage said defendant has sustained by reason of said injunction, if any, with leave to report any special

matter.   References have been held under this order, and they
being now ended, I submit the following as my report:

The facts necessary to be considered in determining the
question involved, as to whether the defendant, Copeland, is
entitled to recover any damage of plaintiffs on account of the
injunction obtained by plaintiffs herein, are, to some extent,
set out in the opinion of the Supreme Court in this case, as re-
ported in 25 S. C., at pages 42 and 43.   It appears that the
defendant, George P. Copeland, recovered a judgment about
the 30th of August, 1884, against George F. Young, one of the
plaintiffs herein, and the land of the said Young having been
levied upon, and being about to be sold under said judgment,
this action was commenced for the purpose of requiring the
said George P. Copeland to account to these plaintiffs for the
rents and profits of certain lands of plaintiffs, and to enjoin
and restrain the enforcement of said judgment until the deter-
mination of this case upon its merits.   On hearing the verified
complaint, Judge Pressley passed an order requiring the said
George P. Copeland to show cause why the injunction should
not be granted.   This rule to show cause was heard by Judge
Cothran, who granted the order of injunction, stating his rea-
sons therefor as follows: "1. It is apparent that the defendant
herein is greatly embarrassed, if, indeed, he is not insolvent.
2. Improvident action on my part would, in one event, at
least, seriously affect the rights and interest of the plaintiff.
3. The matters involved are important and very complicated,
and it is hazardous to determine such on the perfunctory pro-
ceedings by motion.  4. No injury to the defendant, other
than such as may result from delay, can occur to him, which
is not comparable to that which the plaintiffs may sustain if
their claim is found to be meritorious, that would be irrepara-
able; the other may be amply provided against by bond and
security."

In compliance with this order, it seems that a bond was duly
given and executed by these plaintiffs in the sum of five hun-
dred dollars, though it is not produced here because it seems
it cannot now be found in the clerk's office.   This order of
Judge Cothran's was appealed from by the defendant, Copeland,

but the appeal was dismissed by the Supreme Court upon the ground that the order was not appealable. 25 S. C., 41. So the injunction stood as it was until the final determination of the suit upon its merits, which being in the defendant's favor, the injunction was then dissolved. It may be said here that the case was decided on the Circuit in favor of the plaintiffs, and a judgment pronounced in their favor for a considerable sum against the defendant, but this judgment was reversed by the Supreme Court upon the single ground that plaintiffs' title to the land from which defendant had gotten the rents and profits was not complete before the commencement of the action.

It is a fact that, prior to the commencement of this action, the defendant herein, George P. Copeland, made, executed, and delivered to Messrs. Holmes & Simpson a paper in the following words: "I hereby authorize Messrs. Holmes & Simpson to collect the funds due me from George F. Young on judgment I have against him, and also the amount due me on the note against Hasting Dial's estate by R. P. Todd, and apply the same to the oldest judgments against me, and I hereby assign the same to them for that purpose." This paper was dated 16th of October, 1884. The defendant, George P. Copeland, paid to his attorneys a fee of $250 for the purpose of having the injunction dissolved, and he also paid them a fee of $500 for other services in the case, but at what particular times these fees were paid does not appear from the testimony. The whole of the principal and interest which was due upon the judgment recovered by George P. Copeland against George F. Young, as aforesaid, was paid to Messrs. Holmes & Simpson, as the assignees thereof, after the determination of this case on its merits, who applied the proceeds thereof to the oldest judgments against the said Copeland, as provided by the terms of the said assignment. The defendant, Copeland, now claims that he has been damaged to the amount of the attorney's fee paid by him for the purpose of having the injunction dissolved, to wit: $250, with interest. The foregoing are about the facts of this matter, as I understand them.

I conclude, as matter of law, that the defendant is not entitled

to recover of these plaintiffs any damages at all; and I will, as briefly as I can, state the reasons upon which I base this conclusion:

1. It is seen, by the foregoing statement of facts, that it was highly important to these plaintiffs that the defendant, Copeland, should not be permitted to proceed with the collection of his judgment against the plaintiff, Young, until this case was determined upon its merits; because, if he was allowed to do so, and the court should finally render a judgment in favor of plaintiffs herein, such judgment would, practically, amount to nothing, for the reason, as stated by Judge Cothran in the restraining order, that the said Copeland was "greatly embarassed, if, indeed, he" was "not" then "insolvent;" and such being the case, if the injunction had not been granted, and the Copeland judgment had been forthwith collected in full, the injury to plaintiffs would have been "irreparable," in the event they succeeded in obtaining a judgment against Copeland in this action. And, as we have seen, they very nearly succeeded in this, as the case was decided in their favor on Circuit, which decision was reversed by the Supreme Court upon the single ground that their title was not *perfect* at the commencement of the action. The injunction, therefore, was not improperly, wrongfully, or improvidently sued out.

Mr. High, in his work on Injunctions, on page 1061, in section 1685 lays down this proposition: "A reasonable amount of compensation paid as counsel fees in *procuring the dissolution* of an injunction may be recovered in an action upon the bond, or in the assessment of damages in the injunction suit after dissolution, when that practice prevails, *if the injunction was improperly or wrongfully sued out*, the amount being limited to fees paid counsel for *procuring the dissolution*, and not for defending the entire case" (italics mine). And in section 1686, page 1062, he further says: "The allowance of counsel fees as damages upon dissolving an injunction is based upon the fact that defendant has been *compelled* to employ aid in ridding himself of an *unjust* restriction which has been placed upon him by the action of plaintiff. And the true test with regard to allowance of counsel fees as damages, would seem to be that if they are *necessarily*

incurred in *procuring the dissolution* of the injunction, *when that is the sole relief sought by the action*, they may be recovered; but if the injunction is only *ancillary* to the principal object of the action, and the liability for counsel fees is incurred in defending the action generally, *the dissolution* of the injunction being only *incidental* to that result, then such fees cannot be recovered. Thus, where the principal purpose of the action was to adjudicate a question of title, and an interlocutory injunction was obtained, but no motion was ever made or argued for its dissolution, and the case was finally tried upon its merits upon the question of title, and decided in favor of defendants, and the injunction was thereupon dissolved by virtue of the judgment upon the main controversy, it was held that counsel fees for dissolution could not be recovered in an action upon the bond" (italics mine). See, also, to the same effect, Sutherland on Damages, pages 64 to 69, and the case of *Oelrichs* v. *Spain*, 15 Wall., 211, cited by both Mr. High and Mr. Sutherland, and by our own Supreme Court in the case of *Hill* v. *Thomas*, 19 S. C., 236.

These authorities seem to me to be conclusive of the matter. The injunction here was only ancillary to the principal object of the action, and was really only dissolved as a necessary consequence of the judgment upon the main controversy, and when that judgment had been rendered. It was never dissolved before. It is true, an effort was made to dissolve it by appealing from the order to the Supreme Court; but, as we have seen, that court dismissed the appeal upon the ground that the order was not appealable—that the law does not provide for an appeal from such an order. It was a mistake, then, to take that step; and it was for services rendered in and about this mistaken effort to dissolve the injunction that the defendant paid his attorneys the fee of $250, which he now claims as damages, as I understand the testimony. Having taken that step improperly, and in the face of the provisions of the law on the subject, and having failed to dissolve the injunction, that expense, as it strikes me, was *unnecessarily* incurred, and the matter stood as if he had never made any motion to dissolve the injunction, so far as plaintiff's liability to him for damages on account of

counsel fees paid therefor is concerned. "Generally the costs and expenses of an unsuccessful application to dissolve will not be allowed, though the motion is regular, and the court in its discretion continues the injunction to the final hearing, and then dissolves it on the merits." Sutherland on Damages, page 69. Here the motion was not even regular, and was denied upon that ground—all the more reason, it seems to me, why the expense incurred thereby should not be allowed.

2. It is urged by plaintiffs' counsel here, that the claim for damages must be disallowed for the further reason that the order of injunction had no restraining power upon the enforcement of defendant's judgment against Young, because defendant had assigned the judgment before the commencement of this action, and before the order of injunction was passed; but if it had such restraining power upon his assignees of the judgment that the payment by defendant of counsel fees, with the view and for the purpose of having the injunction dissolved, was as if paid by a mere volunteer, since the assignment deprived him of all control of, or interest in, the judgment. The introduction of this paper was objected to upon the ground of irrelevancy; and it was, also, very earnestly argued by counsel for defendant that plaintiffs were estopped from taking this position, since the obtaining of the injunction was their act, and they chose to proceed only against this defendant, and did not make his assignees parties to the application for the order. But it seems that the knowledge of the assignment first came to plaintiffs, or their counsel, at the hearing of the rule to show cause. And, it seems to me, we must look to the legal effect of the order.

I am inclined to the opinion that the position first above stated, as taken by plaintiffs' counsel, is the correct one—or, in any event, that it was not *necessary* for the defendant to employ counsel to dissolve the injunction, but that was a matter which he might well have left to the assignees for the benefit of creditors, if necessary for any one to do so. It is true, that the assignees abstained, it seems, from taking any steps towards the enforcement of the judgment against Young until after the determination of this case on its merits; and they, probably,

did so abstain because of the passage of the restraining order; but that fact cannot, I think, alter the case, since nothing was lost by the delay, as the judgment against Young was paid in full, including interest and all costs thereon, after this case was determined.

I, therefore, recommend that the claim for damages be denied, and that the defendant, George P. Copeland, be required to pay all costs which have accrued in connection with these proceedings for the establishment of said claim.

This report was confirmed by the Circuit Court, and defendant, Copeland, appealed on the same exceptions which had been taken to the master's report. They were as follows: 1. Because the Circuit Judge erred in not holding that the master erred in allowing the paper executed by Copeland to Holmes & Simpson to be introduced in evidence after objection. 2. Because he erred in holding the said paper was an assignment. 3. Because he erred in not holding that the master erred in finding and holding that it was not necessary for Copeland to employ counsel to dissolve said injunction, and to resist the same. 4. Because he erred in not finding that the injunction was improvidently, improperly, and wrongfully issued. 5. Because he erred in not finding that the injunction was the main object of the action, and not ancillary thereto. 6. Because he erred in not holding that the plaintiffs were estopped from denying that Copeland had been damaged by reason of the granting of said injunction. 7. Because he erred in not finding that the master erred in holding that the $250 paid by Copeland to his attorneys was paid as compensation for the unsuccessful effort to dissolve said injunction; whereas he should have held that it was paid for the whole services rendered in the efforts to dissolve the same. 8. Because he erred in not holding that it was Copeland's duty, as well as his right, to employ counsel to resist said injunction, and to move to dissolve the same. 9. Because he erred in not finding that the defendant, Copeland, had been damaged two hundred and fifty dollars by reason of the granting of said injunction, and in not

rendering judgment therefor. 10. Because he erred in decreeing that Copeland should pay the costs of this action.

Mr. N. B. Dial, for appellant.

Messrs. Ferguson & Featherstone, contra.

March 26, 1895. The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. The controversy in this case grows out of a claim on the part of the defendant, for damages alleged to have been sustained by him by reason of an injunction granted in the outset of the case. It seems that the defendant herein had previously recovered judgment against George F. Young, one of the plaintiffs herein, for a considerable sum of money, under which a levy had been made upon the lands of the said Young. Thereupon, the present action was commenced, mainly for the purpose of recovering a large sum of money claimed to be due by Copeland, the defendant herein, to the plaintiffs, and under the allegation that Copeland was insolvent, an injunction was asked for, restraining the sale of the said Young's property, until the plaintiffs could have an opportunity of establishing their claim against said Copeland, which, without such injunction, would become fruitless. On hearing the verified complaint, his honor, Judge Pressley, granted a rule requiring Copeland to show cause why the injunction prayed for could not be granted; and in the meantime restraining Copeland from enforcing his judgment against Young.

This rule to show cause was heard by his honor, Judge Cothran, who, upon the pleadings and affidavits submitted, granted an order continuing the restraining order previously granted by Judge Pressley, until a decision is made upon the merits, upon the plaintiffs entering into the usual undertaking provided for by statute. One of the reasons given by Judge Cothran for his action is thus expressed by him: "It is apparent that the defendant herein is greatly embarrassed, if, indeed, he is not insolvent." From this order Copeland appealed, and his appeal was dismissed, mainly upon the ground that the order of Judge Cothran was not appealable. See Garlington

v. *Copeland*, 25 S. C., 41. So that the result was that the restraining order continued in force until the final decision upon the merits, when, by its own terms, it fell. After stoutly contested litigation, the plaintiffs succeeded in recovering in the Circuit Court a judgment against Copeland, which, upon appeal, and after two hearings in the Supreme Court, was reversed, and complaint dismissed solely upon the ground that the plaintiff had failed to show that they had title to the lands out of which rent was claimed at the time they commenced their action. See *Garlington* v. *Copeland*, 32 S. C., 57.

Thereupon, the present proceeding was commenced for the purpose of having the damages assessed, which defendant claims that he sustained by reason of said injunction. The whole matter was referred to Master Barksdale, who heard the testimony and made his report, denying the defendant's claim for damages. To this report defendant filed exceptions, and the case thus came before his honor, Judge Ernest Gary, who overruled all of the exceptions, and confirmed the master's report, saying in his order that: "This report is so full and exhaustive, that it is needless to repeat any of the matter contained therein. After considering it, I am satisfied that the principles of law announced and the findings of fact are correct." From this order or judgment the defendant appeals upon the several exceptions set out in the record, which are practically identical with the exceptions taken by him to the master's report.

We endorse fully what is said by the Circuit Judge as to the very satisfactory character of the master's report. The conclusion which he reaches is so well vindicated by the reasoning which he employs and the authorities which he recites, that any attempt on our part to add thereto seems wholly unnecessary, and would involve mere repetitions. For this reason the report of the master should be set out in full in the report of the case.

There is, however, another view which may lend some support to the conclusion reached by the master. The undertaking which constitutes the basis of the present proceeding having been lost, its precise terms do not appear in

the case, but we must presume that it conforms with the provisions of the statute, which (Code, § 243,) are as follows: "When no provision is made by statute as to security upon an injunction, the court or judge shall require a written undertaking on the part of the plaintiff, with or without sureties, to the effect that the plaintiff will pay to the party enjoined such damages, not exceeding an amount to be specified, as he may sustain by reason of the injunction, if the court shall finally decide that the plaintiff was not entitled thereto." Now, it does not appear that any court has finally decided that the plaintiffs were not entitled to the injunction which they obtained. On the contrary, the Circuit Court expressly held that they were entitled to the injunction, and this court expressly declined to consider that question upon jurisdictional grounds. The fact that the plaintiffs failed to establish their claim against the defendant, does not necessarily show that the injunction was improperly granted in the first instance, for a case may be conceived of, in which a court of equity, as a precautionary measure, and in the interest of justice, might grant an injunction to preserve matters in *statu quo* until the parties could have the opportunity of having what they honestly conceived to be their rights investigated. That the plaintiffs litigated in the best of faith, and that their claims were not sham and pretensive, abundantly appears in the report of the main case, found in 32 S. C. Reports, above referred to; and that the injunction never was held to have been improperly granted, but, on the contrary, the effort to have it vacated failed, is also apparent, as well as the fact that it fell simply as an incident to the main case.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.