## MISSOURI, KANSAS AND TEXAS RAILWAY COMPANY *v.* ELLIOTT.

### ERROR TO THE KANSAS CITY COURT OF APPEALS FOR THE STATE OF MISSOURI.

No. 148. Argued and submitted January 29, 30, 1902. — Decided March 10, 1902.

The Supreme Court of Missouri having necessarily decided that the Kansas City Court of Appeals, in passing upon the claim of immunity in this case, was the final court of Missouri where such question could be decided, it follows that the writ of error properly ran to the Kansas City Court of Appeals, and that the claim of absence of jurisdiction was without foundation.

For the reasons given in the opinion of the court in *Tullock* v. *Mulvane, ante,* 497, that there was error committed by the Kansas City Court of Appeals in affirming the action of the trial court in allowing in the judgment rendered by it, attorneys' fees, as an element of damage upon the injunction bond, contrary to the controlling rule on this subject enunciated by this court, by which the courts of the United States are governed in requiring the execution of such instruments.

THE action below was brought by Elliott in the state circuit court of Cooper County, Missouri, against the railway company, plaintiff in error herein. Recovery was sought upon an injunction bond given in an equity cause in a suit in the Circuit Court

of the United States for the Central Division of the Western District of Missouri. The railway company was complainant in the equity cause and Elliott was defendant. The Circuit Court of the United States, as the result of a mandate of the Circuit Court of Appeals, entered an order dissolving the injunction, and thereupon this action was commenced. The damages which it was alleged were embraced in the condition of the bond were averred to consist of payments made for attorneys' fees, traveling and other similar expenses of the plaintiff, asserted to have been disbursed during the course of the litigation in the United States court.

The answer consisted of a general denial, and alleged that the equity suit in which the bond was given was made necessary to enable the defendant to make its defence to an action at law, which had prior to the equity suit been brought against the railway company by Elliott. The cause was tried by the court without a jury. It appeared on the trial that in dismissing the bill in the equity cause the statutory allowance to attorneys and other costs had been taxed, and paid by the complainants in the equity cause in the United States Circuit Court. No objection was interposed at the trial to evidence introduced for the plaintiff as to the value of attorneys' services and the other sums disbursed for the expenses alleged in the petition. At the close of the trial the court, over the objection of the defendant, declared the law to be that the plaintiff was entitled to recover his reasonable personal expenses and reasonable attorneys' fees incurred for the services of attorneys in procuring the dissolution of the injunction. The following, among other prayers asked by the defendant, were refused:

"2. The court declares the law to be that the plaintiff is not entitled to recover as damages on the injunction bond sued on any sum which he may have paid out or become liable for as attorneys' fees."

"5. The court declares the law to be that the plaintiff, having received the amount taxed in his favor as attorneys' fees as part of the costs in the equity suit mentioned in the pleadings and evidence in this case, he cannot now recover anything on account of attorneys' fees in this case."

Judgment having been entered in favor of plaintiff and a motion for a new trial having been overruled, an appeal was taken to the Kansas City Court of Appeals, and the judgment was affirmed. In the course of its opinion the court recited the contentions of the defendant, and held each of them to be untenable. These contentions were thus stated by the court:

" 1. Defendant's objections to the judgment below may be thus stated : First, that there was no breach of the conditions of the bond in that it was not alleged or proved that any damages had been previously adjudged against the defendant, whereas the condition of the bond is that defendant ' should pay all sums of money damages and costs that shall be adjudged against it,' etc. ; and, *secondly, it is contended that as the injunction bond was given in a proceeding pending in the United States court, the damages must be fixed and determined according to the rules and practice of the Federal courts; that attorneys' fees are not there considered elements of damage in suits on injunction bonds, and that therefore our state courts should apply the same rule in suits on bonds given in the Federal courts;* and thirdly, it is insisted that the trial court erroneously allowed as damages attorneys' fees for defending the entire case—that the injunction was merely incidental to the principal case, and no attorneys' fees were paid to secure its dissolution."

A motion for a rehearing was thereafter filed, in which, among other things, it was contended that the cause involved a Federal question, " for the reason that the controversy in this suit arises under the authority of the United States, and under the laws of the United States governing and applicable to United States courts," and the court was asked in the event that it should refuse to grant a rehearing, to transfer the case to the Supreme Court of the State of Missouri, " for the reason that a Federal question is involved, and because the subject of the controversy of this suit arises under the authority of the United States and under the exercise of such authority, and under the laws of the United States governing and controlling the courts of the United States and the proceedings therein." The motion for a rehearing having been overruled, it appears

from a stipulation contained in the record that an application was made to the Supreme Court of the State of Missouri for a writ of prohibition against the judges of the said Kansas City Court of Appeals to restrain the further exercise of jurisdiction in the cause, and to require the record and proceedings to be certified to the Supreme Court. This application was denied. 154 Missouri, 300.

Thereupon the present writ of error was allowed and the record of the cause was brought here from the Kansas City Court of Appeals.

*Mr. George P. B. Jackson* for plaintiff in error.

*Mr. William M. Williams* for defendant in error.

MR. JUSTICE WHITE, after making the foregoing statement, delivered the opinion of the court.

The proposition relied upon to secure the reversal of the judgment below is that the state court erroneously allowed as an element of damage upon an injunction bond given in a court of the United States the sum of alleged counsel fees for procuring a dissolution of the injunction, and that as such fees under the rule prevailing in the equity courts of the United States are not properly allowable, therefore the state court denied an immunity asserted in favor of the defendant below and arising from an authority exercised under the United States.

We are at the outset met by an objection that there is no jurisdiction to review the judgment of the Kansas City Court of Appeals. It is contended on behalf of the defendant in error that the Federal question relied upon was not raised below, and therefore is not reviewable here.

The general rule undoubtedly is that those Federal questions which are required to be specially set up and claimed must be so distinctly asserted below as to place it beyond question that the party bringing the case here from the state court intended to and did assert such a Federal right in the state court. But

it is equally true that even although the allegations of Federal right made in the state court were so general and ambiguous in their character that they would not in and of themselves necessitate the conclusion that a right of a Federal nature was brought to the attention of the state court, yet if the state court in deciding the case has actually considered and determined a Federal question, although arising on ambiguous averments, then a Federal controversy having been actually decided the right of this court to review obtains. *Oxley Stave Co.* v. *Butler*, 166 U. S. 648, 660. All that is essential is that the Federal questions must be presented in the state court in such a manner as to bring them to the attention of that tribunal. *Chicago &c. Ry. Co.* v. *Chicago*, 166 U. S. 226. And of course, where it is shown by the record that the state court considered and decided the Federal question, the purpose of the statute is subserved. And so controlling as to the existence of the Federal question is the fact that it was actually considered and decided by the state court, that it has been held, although the general rule is that the raising of a Federal question in a petition for rehearing in the highest court of the State is too late, yet when a question is thus raised and it is actually considered and decided by the state court, the right to review exists. *Mallett* v. *North Carolina*, 181 U. S. 589, 592.

Now it plainly appears that the Kansas City Court of Appeals considered that there was presented to it for decision the question whether, in an action brought in a state court on an injunction bond given in a court of the United States, the state court was bound to apply to such a bond the rule prevailing in the courts of equity of the United States, viz., that attorneys' fees are not a proper element of damage. We say this is undoubted, since the opinion of the Kansas City Court of Appeals recites that such was the contention, and the court proceeded to consider and decide it. That this contention involved a claim of immunity under an authority exercised under the United States, reviewable in this court, we have recently decided in *Tullock* v. *Mulvane*. True it is that the Kansas City Court of Appeals held, contrary to the rule announced in the *Tullock* case, that the state court was not bound to apply the rule of damages pre-

vailing in the courts of the United States, and in effect while so concluding decided that the claim that the bond should be enforced according to the rule prevailing in the courts of the United States, involved no Federal question. But the fact that the state court, whilst deciding the Federal question, erroneously held that it was not a Federal one, does not take the case out of the rule that where a Federal question has been decided below, jurisdiction exists to review. The result of the contrary doctrine would be this, that no case where the question of Federal right had been actually decided could be reviewed here if the state court, in passing upon the question, had also decided that it was non-Federal in its character. The assertion that a Federal right was not raised below is therefore without merit.

It is, however, insisted that as the writ of error in this case was directed to the Kansas City Court of Appeals, there is no jurisdiction, because if there was a Federal question presented that court was not, under the constitution of the State of Missouri, the highest court of the State in which a decision on such question could have been had.

The Kansas City Court of Appeals was created by an amendment to the constitution of Missouri adopted in 1884. Rev. Stat. of Missouri, 1899, vol. 1, p. 92. By section 4 of the amendment the said court was given the same jurisdiction over lower courts within certain territory—embraced within which was Cooper County—as was possessed by the St. Louis Court of Appeals. As provided by a prior constitution, that of 1865, and continued by the constitution of 1875, the St. Louis Court of Appeals was a court of general appellate jurisdiction, but its judgments were not final in certain cases, among which were : a, cases where the amount in dispute, exclusive of costs, exceeded the sum of $2500 ; b, cases involving the construction of the Constitution of the United States or of the State of Missouri; c, cases where "the validity of a treaty or statute of or authority exercised under the United States is drawn in question ;" as well as in other enumerated cases, not necessary to be particularly referred to. In such cases, where the jurisdiction of the St. Louis Court of Appeals was not final, the judg-

ment of the St. Louis Court of Appeals was reviewable by the Supreme Court of Missouri. Ib. art. VI, sec. 12, p. 87.

By the amendment to the constitution of 1884, by which the Kansas City Court of Appeals was created, in cases where the action of the St. Louis Court of Appeals had been theretofore reviewable by the Supreme Court of Missouri, it was provided that the St. Louis Court of Appeals should no longer have appellate jurisdiction, but that writs of error, in such cases, should run directly from the Supreme Court to the trial courts, and this provision was made applicable to the Kansas City Court of Appeals which the amendment created. By the amendment in question superintending control over the trial courts in such cases was conferred upon the Supreme Court. Ib. sec. 5, p. 93. It thus resulted that the Kansas City Court of Appeals, within the area of territory over which its jurisdiction extended, had no appellate jurisdiction in cases where the amount in dispute, exclusive of costs, exceeded $2500, and where the cases involved the construction of the Constitution of the United States or of the State, and cases where was drawn in question the validity of a treaty or statute of or authority exercised under the United States, and in other cases not necessary to be mentioned.

By the amendment to the constitution of 1884, the Supreme Court of Missouri was expressly, moreover, given general superintending control over the courts of appeal, by mandamus, prohibition and certiorari. Ib. sec. 8, p. 93.

After the Kansas City Court of Appeals had affirmed the judgment of the Cooper County circuit court, the railway company filed a motion for a rehearing, and prayed therein that in the event a rehearing was not granted the case should be transferred to the Supreme Court of Missouri. The motion for the transfer of the case to the Supreme Court was pressed upon two grounds, the second of which was, in substance, that the decision of the cause involved a Federal question, of which the Supreme Court of Missouri should take exclusive cognizance, because of its appellate jurisdiction, " in cases where the validity of a treaty or statute of or authority exercised under the United States is drawn in question."

The court, in overruling this motion, necessarily decided that

the case came within its appellate jurisdiction and not within the exclusive appellate power conferred by the constitution on the Supreme Court of the State.    This doubtless rested upon the predicate upon which the court had based its opinion, which was not that the issue whether attorneys' fees could be allowed upon the bond given in the Federal court had not been raised but, because, although that question had been raised and been decided, it was not one of the class of questions within the purview of the exclusive jurisdiction of the Supreme Court of the State.    And this seems to us to be the view held by the Supreme Court of Missouri, when, in consequence of the refusal to transfer the cause to it, its superintending power over the Kansas City Court of Appeals was invoked through the medium of the application for writs of prohibition and certiorari.    We so conclude, because, although in its elaborate opinion overruling the application for the writs named, the Supreme Court declared that the question of the power of the state court to award attorneys' fees on the injunction bond given in a court of the United States, contrary to the rule of damages prevailing in the courts of the United States, had been raised in the case and had been decided by the Kansas City Court of Appeals, the writs of prohibition and certiorari would not be allowed, because such a question was not within the appellate jurisdiction of the Supreme Court of Missouri, but was within the jurisdiction of the lower appellate court.    After fully stating the contention below and its decision by the Kansas City Court of Appeals, the Supreme Court of Missouri said :

" We fail to discover from the record, anywhere, how the validity of a treaty or statute of, or authority exercised under the United States is drawn in question, or that a Federal question may be said to be involved in the case."

In other words, as the exclusive appellate jurisdiction of the Supreme Court of Missouri over cases which, by the amount involved, would otherwise have gone to the Kansas City Court of Appeals, was conferred only in special cases, among other cases involving the construction of the Constitution of the United States and cases where " the validity of a treaty or statute of or authority exercised under the United States is drawn in

question," the court held that as the validity of the bond given in the Circuit Court of the United States was not questioned, no claim made by the defendant of immunity under an authority exercised under the United States was embraced within the exclusive appellate jurisdiction conferred by the constitution upon the Supreme Court of Missouri, and therefore such question had been properly determined by the Kansas City Court of Appeals. We are constrained to this construction of the opinion of the learned court from the fact that it elaborately discusses and demonstrates that the defence of immunity from liability for attorneys' fees under the bond given in a court of the United States was not an attack on the validity of the bond, and therefore not within the cognizance of the Supreme Court of Missouri, and from the further fact that in the course of the opinion the court said :

" Neither the rules, the practice or procedure, nor the mode and manner of administering the law in the United States court, applicable to the liability of bondsmen on an injunction bond given in that court, *can in anywise be drawn in question, so as to present a Federal question,* in a suit in a state court on the bond, when the validity of the bond, as in the case of *Elliott* v. *Railway Co.,* begun in the Cooper County circuit court, and now pending on appeal in the Kansas City Court of Appeals, is admitted, and where no question as to the court's authority to order the bond as given is or was made by the relator."

It results, therefore, under the view we take of the opinion of the Supreme Court of Missouri, the court decided that as the case presented merely a claim of immunity under an authority exercised under the United States, and did not involve, to quote the language of the Missouri constitution, the drawing in question "the validity of an authority" so exercised, therefore, the Kansas City Court of Appeals was vested under the constitution and laws of Missouri with final jurisdiction. But if, however, we were to give to the opinion of the Supreme Court of Missouri the contrary construction, the finality of the judgment of the Kansas City Court of Appeals in this case would be none the less apparent. It is manifest, we conceive,

from the opinion of the Supreme Court of Missouri, that if it had been deemed that a Federal question not within the cognizance of the Kansas City Court of Appeals had been decided by that court, the superintending power of control conferred by the state constitution on the Supreme Court of Missouri would have been exerted for the purpose of preventing the Kansas City Court of Appeals retaining jurisdiction of the cause. If, then, the action of the Supreme Court of Missouri can be held not to have been rested on the phraseology of the Missouri constitution, including within the exclusive appellate power of the Supreme Court of Missouri not claims of immunity arising from an authority exercised under the United States, but only cases where was drawn in question the validity of an authority exercised under the United States, then the necessary effect of the action of the Supreme Court of Missouri was this, that because it held to the opinion that it was impossible for a Federal question ever to arise from a claim of immunity resulting from the exercise of an authority under the United States in the giving of an injunction bond in the courts of the United States, therefore, under the constitution and laws of Missouri, the action of the Kansas City Court of Appeals was final.

It being then demonstrated that whatever view may be taken of the opinion of the Supreme Court of Missouri, that court necessarily decided that the Kansas City Court of Appeals, in passing upon the claim of immunity, was the final court in Missouri where such question could be decided, it follows that the writ of error properly ran to the Kansas City Court of Appeals, and the claim of the absence of jurisdiction is without foundation.

Having thus disposed of the question of jurisdiction, we come to the merits of the case. It suffices to say, for the reasons given in the opinion in *Tullock* v. *Mulvane*, before referred to, that there was error committed by the Kansas City Court of Appeals in affirming the action of the trial court in allowing, in the judgment by it rendered, attorneys' fees as an element of damage upon the injunction bond contrary to the controlling rule on this subject enunciated by this court, by which the

courts of the United States are governed in requiring the execution of such instruments.

*The judgment of the Kansas City Court of Appeals must be reversed and the cause remanded to that court with directions for further proceedings in conformity with this opinion, and it is so ordered.*