203 U.S. 505 (1906)
WESTERN UNION TELEGRAPH COMPANY
v.
HUGHES.
No. 119.
Supreme Court of United States.
Argued December 6, 1906.
Decided December 17, 1906.
ERROR TO THE SUPREME COURT OF APPEALS OF THE STATE OF VIRGINIA.
Mr. Rush Taggart, with whom Mr. John F. Dillon, Mr. George H. Fearons and Mr. Francis Raymond Stark were on the brief, for plaintiff in error.
There was no appearance for defendant in error.
MR. JUSTICE WHITE delivered the opinion of the court.
By statutes of the State of Virginia a liability to forfeit the sum of one hundred dollars was imposed upon a telegraph company for an omission to promptly transmit and deliver telegrams received by it. Code of Virginia, 1887, secs. 1291, *506 1292. On November 2, 1903, Hughes, the defendant in error, handed to the Western Union Telegraph Company, at its office in Danville, Virginia, a message to be transmitted by wire to Pocahontas, Virginia, and there delivered to the addressee. In regular course such message would have gone by way of Bluefield, West Virginia. It reached that point, but was not sent further. For failure to make delivery Hughes sued the telegraph company in the Corporation Court of the city of Danville to recover the statutory penalty, and obtained a judgment. Error was prosecuted to the Supreme Court of Appeals of Virginia, upon the contention that the transmission of the message in question was interstate commerce and not subject to the statutory regulations of Virginia, heretofore referred to. The appellate court, however, held (104 Virginia, 240) that the case was ruled by a prior decision, Western Union Telegraph Co. v. Reynolds, 100 Virginia, 459, and that such decision had not been overruled by the decision of this court in Hanley v. Kansas City So. R. Co., 187 U.S. 617, and being of opinion, as recited on its journal, "that the writ of error was improvidently awarded," and that it had "no jurisdiction to entertain the same," dismissed the writ of error.
Treating the order of dismissal as a final judgment, we are now asked on this writ of error to reverse the ruling of the Supreme Court of Appeals of Virginia. This, however, we cannot do. It is immaterial that the Supreme Court of Appeals was vested by the state constitution with appellate jurisdiction in all cases involving the constitutionality of a law as being repugnant to the constitution of Virginia or of the United States, or that in the opinion delivered by the court it discussed the Federal question and declared it to be without merit. The fact is undoubted that the writ of error was dismissed solely and expressly because of a want of jurisdiction, and the effect of the formal entry, adjudging that the court was without jurisdiction to pass upon the questions presented by the writ of error, cannot be different from what it would have been had the court not given expression to its views *507 in a written opinion. The necessary result of the ruling that the court had not jurisdiction of the writ of error was to determine that the trial court was the final court where the questions presented by the writ could be decided; and, hence, the writ of error should have been directed to that court. Missouri, K. & T. Ry. v. Elliott, 184 U.S. 530, 539.
Writ of error dismissed.