10688

BRITT v. McCORMICK COUNTY COMMISSION *ET AL.*

(108 S. E. 179)

1.  INJUNCTION—ATTORNEY'S FEES IN PROCURING DISSOLUTION HELD "DAMAGES," WITHIN BOND.—The bond, executed by plaintiff on procuring temporary restraining order, entitling defendants to "damages" sustained, *held* to warrant Court, on dissolution of˙ such order in allowing defendants attorney's fees for services in procuring the dissolution.

2.  INJUNCTION—AWARD OF ATTORNEY'S FEES TO DEFENDANTS ON DISSO-LUTION OF RESTRAINING ORDER LIMITED TO FEES FOR ONLY SUCH COUNSEL AS WAS PROPER OR NECESSARY.—Defendants on dissolution of temporary restraining order were not entitled as damages, under plaintiff's bond, to fees of all three attorneys employed to procure dissolution, since any one of the three could have attended to the matter, and since plaintiff under such bond was liable for fees to only such counsel as was proper or necessary.

3.  INJUNCTION—$208.90 ALLOWANCE AS ATTORNEY'S FEES ON DISSOLU-TION OF TEMPORARY RESTRAINING ORDER HELD EXCESSIVE.—Allowance of $208.90 as attorney's fees to defendants on dissolution of tem-porary restraining order, under bond allowing plaintiff damages, *held* excessive, and will be reduced to $100.

Before MEMMINGER, J., McCormick, October, 1920. Modified.

Action by J. E. Britt against McCormick County Com-mission et al. From an order allowing attorneys' fees to defendants' attorneys for procuring the dissolution of a temporary restraining order the plaintiff appeals.

*Messrs. Tillman, Mays & Harris,* for appellants, cite: *Attorneys' fees*: 1 Civ. Code 1912, Sec. 4208, 4239; 27 S. E. 471 ; 34 S. E. 56 (Va.). *Action defined*: Code Proc. 1912, Sec. 2. *"Special proceeding and cost therein:"* Sec. 3, Id. ; 4 S. C. 402; 19 S. C. 230; 87 N. W. 1014; 88 Pac. 95; 72 Pac. 613; 11 N. Y. Supp. 780; 46 N. Y. Supp. 1070; 115 N. Y. Supp. 495. *Injunction sought was ancillary to main proceeding*s 70 N. W. 629; 21 S. E. 317 *Speculative damages*: 39 S. C. 465.

*Mèssrs. Joseph Murray* and *Grier, Park & Nicholson* for respondents.   Mr. *Murray* cites:   *Fees for dissolution of an injunction*:   High on Injuncs.    p. 1061, Secs. 1685, 1686; 43 S. C. 392; 93 S. C. 43; 19 S. C. 223; 19 S. C. 230; 39 S. C. 427.   *Allowance of costs discretionary in equity matters*:   82 S. C. 109; 100 S. C. 324; 39 S. C. 427

August 1, 1921.

The opinion of the Court was delivered by Mr. JUSTICE WATTS.

This is an appeal from an order of his Honor, Judge Memminger, allowing fees to attorneys of respondents for procuring the dissolution of a temporary restraining order issued by his Honor, Judge De Vore.   Upon the hearing before Judge De Vore he dissolved the same, and dismissed that case as being without merit.

Exceptions 1, 2, and 3 allege error, and deny that any attorney's fees can be recovered in this action. These exceptions are overruled.   The appellant obtained the injunction, and put the respondents to the necessity of employing attorneys to obtain relief.   It was decided by Judge De Vore that an unjust restriction had been placed upon the respondents by the action of the appellant; that the payment of attorney's fees was necessary on the part of the respondents, in order to obtain their rights; that to that extent they were damaged by the action of appellant in procuring the restraining order; and that under the bond of appellant he had agreed to pay such damages as respondents sustained.   The employment of counsel and paying fees of counsel by respondents were damages natural to the obtaining of the order of injunction, and appellant should be required to pay a reasonable fee therefor.

Exceptions 4, 5, 6, and 7 will be considered together. They complain that his Honor should have held that the regular attorney should have attended to the litigation, for his fixed yearly compensation, and that

the respondents could not employ three different attorneys; that the allowance was excessive and unnecessary; that one of the attorneys who was paid a fee had nothing to do with the vacation of injunction, but acted on an entirely different matter; and that it was error to allow for hire of automobile.   Mr. Murray, according to the evidence, was not employed to attend to all matters of litigation.   The respondents had the right to employ counsel to aid them in their duties and attend to the matters of litigation.   They could select their own counsel and pay them a reasonable compensation, but they could not employ more lawyers than were necessary.   We are bound to hold that they employed more counsel than was proper or necessary.   Either of the three could have attended to the matter for them, and no doubt have gotten good results   A fee of $100 would have been ample compensation in a case of this character.   No fees or costs should have been allowed, except for services for obtaining the order of dissolution of injunction.

The exceptions only question the allowance of attorney's fees and hire of automobile.   Judge Memminger gave respondents judgment against the appellant for $208.90 and costs of the master, including $15 for stenographer, and master in taxing his costs will not be allowed costs for taking down the testimony, as stenographer is paid for that. The judgment is modified by deducting $108.90 therefrom, as only $100 is allowed respondents for all counsel fees paid by them in this litigation.

Judge Memminger's decree, as modified, gives judgment for the sum of $100 and the costs of master to be taxed as indicated, and $15 for the stenographer taking the testimony before the master.

Modified.