### 11810

#### CHAMBERS v. LONG

(128 S. E., 853)

INJUNCTION—ATTORNEY'S FEES HELD RECOVERABLE ON PARTIAL DISSOLU-
TION OF INJUNCTION.—Under Code Civ. Proc., 1922, § 486, dissolu-
tion *in toto* of injunction is not necessary to entitle person re-
strained from recovering damages; and, where injunction prohibited
defendant from entering strip of land for any purpose on its dis-
solution to extent of permitting him to use it as a means of ingress
and egress to his land, he was entitled to recover attorney's fees.

Before FEATHERSTONE, J., Darlington, November, 1924.
Reversed and remanded.

Suit by P. P. Chambers against G. W. Long, wherein plaintiff obtained injunction restraining defendant from entering on land involved. From order refusing to allow attorney's fees to defendant on partial dissolution of injunction, defendant appeals.

*Messrs. Miller & Lawson,* for appellant, cite: *Injunction bond:* Code Proc. 1922, Sec. 486. *Attorney's fee for dissolution of injunction:* 19 S. C., 229; 19 S. C., 230; 117 S. C., 8; 14 R. C. L., 486. *Invasion of property right by injunction:* 4 R. C. L., 78.

*Mr. D. Carl Cook* for respondent.

July 27, 1925.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an appeal from an order of Hon. C. C. Feather-stone, Circuit Judge, dated November 13, 1924, refusing to allow attorney's fees to the defendant upon the dissolution of an injunction; the same being claimed as damages under the bond which had been given by the plaintiff. The refusal was based upon the ground that the dissolution of the injunction was only partial.

The situation is peculiar and requires a somewhat detailed statement of the proceedings.

On April 30, 1924, the plaintiff instituted an action against the defendant for injunction and damages. The complaint is not set forth in the record for appeal, nor is its substance. On the same day, April 30, 1924, the plaintiff, without previous notice, applied to Hon. E. C. Dennis, Circuit Judge, for and obtained an order enjoining the defendant, until the further order of the Court, "from entering upon and trespassing on the premises described in the complaint and hereinafter described, and from committing any other damages on or upon the premises described in the complaint." Then follows in the order a description of the premises as containing ten acres, more or less, with the boundaries, "including that strip of land twenty-five (25) feet wide, on the west side of said premises, extending from the public highway above described, towards the south on the west side of the lot of land owned by the defendant and joining the lot of said defendant." The plaintiff was required by the order to give bond in the sum of $250 as provided for by Section 486 of the Code, which he did.

It appears that all controversy as to a trespass upon the ten acres subsided, as there is nothing on the record to show that this matter received any further consideration; the controversy appears to have continued with reference

solely to the 25-foot street which was separated from the
adjoining ten acres.

The defendant thereafter, upon due notice, made a mo-
tion before Judge Dennis to dissolve the injunction, in so
far as it restrained him from entering upon and using the
25 feet as a street. Upon the hearing, as appears from the
order of Judge Dennis dated May 6, 1924, it developed
that the parties were at cross-purposes, misunderstanding
the motives of each other. The order states:

"It is claimed by the plaintiff that the defendant had un-
dertaken to take exclusive possession of the 25 feet, and it
is claimed by the defendant that he had not undertaken
to use this strip of land exclusively, but only in going to
and from his adjoining lot. It appearing from statements
made by counsel representing plaintiff and defendant that
plaintiff has no objection to defendant's use of this strip
of 25 feet for the puropse of going to and from and upon
his lot and that the defendant claims no other right." It
was, therefore, ordered that the injunction order of April
30, 1924, be dissolved "in so far as it prohibits the defend-
ant from going upon said strip of land for any purpose,
and it is ordered and adjudged that the strip of land 25
feet wide and be, and the same is hereby, ordered to be
kept open for the use of the defendant for the purpose of
going in and upon his lot, and also for the purpose of al-
lowing the plaintiff, his tenants and agents, to go upon the
lands of the plaintiff, and that neither the plaintiff nor
the defendant shall cultivate or obstruct said strip of land
in any way that will interfere with the use of the same in
accordance with this order."

The order of April 30, 1924, enjoined the defendant
from entering upon the strip for any purpose whatever.
If he claimed the right to use it as an approach to his lot,
in order to get relief he was compelled to move for a disso-
lution of the injunction. It appeared that this was all he
claimed and the order accorded that right to him. Assum-

ing that the right of the defendant to the exclusive possession of the strip was at issue, we have been cited to no authority and know of none that requires the injunction to be dissolved *in toto* before the obligee of the bond shall be entitled to damages. The Code provision for the bond is that the "plaintiff will pay to the party enjoined such damages. * * * as he may sustain by reason of the injunction, if the Court shall finally decide that the plaintiff was not entitled thereto." The Court did decide that the plaintiff was not entitled to the injunction as contained in the order of April 30, 1924, and clearly the defendant is entitled to the damages sustained by him in consequence of it.

That an attorney's fee for the dissolution of an injunction may be recovered as damages, under the bond, is settled by the cases of *Livingston v. Exum,* 19 S. C., 229. *Hill v. Thomas,* 19 S. C., 230. *Britt v. McCormick,* 117 S. C., 8; 108 S. E., 179; 14 R. C. L., 486.

The judgment of this Court is that the order appealed from be reversed, and that the case be remanded to the Circuit Court for further proceedings not inconsistent with this judgment.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and MARION and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.