## In re FARMERS' UNION MERCANTILE CO.

District Court, E. D. South Carolina. May 14, 1928.

1. Injunction ⊜⇒252(8)—Attorney's fees in effecting dissolution of injunction are ordinarily not within condition of bond to pay damage sustained in consequence of injunction.

In an ordinary case of a bond on injunction, conditioned to pay any damage obligee may sustain in consequence of injunction in case it does not stand, attorney's fees for services in effecting dissolution of injunction are not within condition of bond, and hence not recoverable from obligors.

2. Injunction ⊜⇒252(8)—Attorney's fees in securing dissolution of injunction in proceeding in federal court held not proper elements of damages under bond.

Attorney's fees for services in securing dissolution of injunction in proceeding entirely in federal court held not proper elements of damages on bond given therein and not recoverable, even though state law allowed such fees in state courts.

3. Bankruptcy ⊜⇒109—Attorney's fees for securing dissolution of injunction restraining disposal of mortgaged property held not recoverable under law requiring bond for damage from "seizure of property" (Bankr. Act, § 3e, 11 USCA § 21(e).

Bankruptcy Act, § 3e (11 USCA § 21(e), requiring bond conditioned for damages occasioned by seizure, taking, and detention of property of the alleged bankrupt, held not to authorize recovery of attorney's fees for dissolving an injunction restraining mortgagee from disposing of bankrupt's property; there being no seizure, taking, or detention of property within meaning of such section.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Seizure.]

In Bankruptcy. In the matter of the bankruptcy of the Farmers' Union Mercantile Company. On motion by the Farmers' & Merchants' Bank of Williston, S. C., for

attorney's fees on a bond executed by petitioning creditors. Motion denied.

Jas. A. Kennedy, of Williston, S. C., for Farmers' & Merchants' Bank of Williston, S. C.

J. Waties Waring, of Charleston, S. C., for petitioning creditors and surety company.

ERNEST F. COCHRAN, District Judge. This matter comes up upon a motion by the Farmers' & Merchants' Bank of Williston, S. C., in a summary proceeding, for judgment for attorney's fees on a bond executed by the petitioning creditors as principals and the United States Fidelity & Guaranty Company as surety.

When the petitioning creditors presented their petition in involuntary bankruptcy against the bankrupt, they presented at the same time a petition setting forth in substance that the Farmers' & Merchants' Bank of Williston, S. C., was about to dispose of certain personal property of the bankrupt under a chattel mortgage, etc., and prayed for an injunction and receivership. The court issued a rule against the bank to show cause why a temporary injunction should not be issued and a receiver appointed, and also passed an order restraining the bank, pending the hearing upon the rule, from disposing of the property in question.

As required by this order, the petitioning creditors and the United States Fidelity & Guaranty Company executed a bond "conditioned for the payment to the said Farmers' & Merchants' Bank of any damage this court may find that the said bank has suffered by reason of this restraining order and rule in case it should be finally held that this restraining order should not have been granted." The bank appeared by its attorney at the return day of the rule, and upon hearing the parties the court dissolved the restraining order, refused the temporary injunction, and also refused to appoint a receiver.

The question now presented is whether under this bond the bank is entitled to attorney's fees for the services of its attorney in dissolving the restraining order.

While a contrary rule has been adopted in some of the states, according to the great weight of authority in the state courts, counsel fees incurred in procuring the dissolution of an injunction, improperly or wrongfully issued, are recoverable as part of the damage incident to the restraint imposed, if it appears that this expense was occasioned by reason of the issuance of the injunction. The principle on which these decisions rest is the

fact that the defendant has been compelled to employ aid in getting rid of an unjust restriction imposed on him by the act of the plaintiff. 14 R. C. L. 486; High on Injunctions, §§ 793, 794, p. 562.

In South Carolina, the rule undoubtedly is that attorney's fees should be allowed for services in procuring the dissolution of an injunction or restraining order. Livingston v. Exum, 19 S. C. 223; Hill v. Thomas, 19 S. C. 230; Moorer v. Andrews, 39 S. C. 427, 432, 17 S. E. 948; Britt v. McCormick, 117 S. C. 8, 108 S. E. 179; Chambers v. Long, 132 S. C. 179, 128 S. E. 853. Compare First Nat. Bank of Chillicothe v. McSwain, 93 S. C. 30, 75 S. E. 1106, Ann. Cas. 1914D, 809; Garlington v. Copeland, 43 S. C. 389, 392, 398, 21 S. E. 317.

[1] But in the federal courts the rule is settled that in an ordinary case of a bond on injunction, conditioned to pay any damage the obligee may sustain in consequence of the injunction in case it does not stand, attorney's fees for services in effecting a dissolution of the injunction are not within the condition of the bond, and hence not recoverable from the obligors. The theory on which this rule rests is that the defendant is entitled to be indemnified only for the damage caused to him by the restraint imposed, and not for the costs of the suit, or the expenses incurred in ridding himself of the restraint. Oelrichs v. Williams, 15 Wall. 211, 21 L. Ed. 43; Tullock v. Mulvane, 184 U. S. 497, 22 S. Ct. 372, 46 L. Ed. 657; Missouri, etc., R. Co. v. Elliott, 184 U. S. 530, 22 S. Ct. 446, 46 L. Ed. 673; Lindeberg v. Howard, 146 F. 467, 77 C. C. A. 23, 8 Ann. Cas. 709; note, 16 L. R. A. (N. S.) 50, 76; 14 R. C. L. 486.

[2] This rule is adhered to in the case of a bond given in the federal courts, notwithstanding the fact that, by the local law of the state in which the bond was executed, such fees could be recovered in a suit on the bond, or even though the action on the instrument is brought in a state court. Tullock v. Mulvane, supra; Missouri, etc., v. Elliott, supra; 14 R. C. L. 486. Compare Missouri Pacific Ry. Co. v. Larabee, 234 U. S. 468, 473, 34 S. Ct. 979, 58 L. Ed. 1405, 1407; Fidelity Co. v. Bucki Co., 189 U. S. 138, 23 S. Ct. 583, 47 L. Ed. 749.

From what has been said, it follows that, inasmuch as this bond was given in a proceeding entirely in the federal court, attorney's fees for these services are not proper elements of damages, and cannot be allowed, even though the state law allows such attorney's fees in the state courts.

[3] It is insisted, however, that attorney's

fees are recoverable by virtue of section 3e of the Bankruptcy Act (U. S. C. title 11, § 21 (e); 11 USCA § 21(e). That section is as follows:

"(e) Whenever a petition is filed by any person for the purpose of having another adjudged a bankrupt, and an application is, made to take charge of and hold the property of the alleged bankrupt, or any part of the; same, prior to the adjudication and pending a hearing on the petition, the petitioner or applicant shall file in the same court a bond with at least two good and sufficient sureties who shall reside within the jurisdiction of said court, to be approved by the court or a' judge thereof, in such sum as the court shall direct, conditioned for the payment, in case such petition is dismissed, to the respondent, his or her personal representatives, all costs, expenses, and damages occasioned by such seizure, taking, and detention of the property of the alleged bankrupt.

"If such petition be dismissed by the court or withdrawn by the petitioner, the respondent or respondents shall be allowed all costs, counsel fees, expenses, and damages occasioned by such seizure, taking, or detention of such property. Counsel fees, costs, expenses, and damages shall be fixed and allowed by the court, and paid by the obligors in such bond."

It would seem that this provision is intended for the benefit of the bankrupt and not for that of a third person claiming the right to hold the property of the bankrupt. But assuming (without deciding) that in a proper case a third person, as the Farmers' & Merchants' Bank here, claiming a right of the possession of property of the bankrupt, is entitled to the benefit of this section, nevertheless it cannot avail the bank in this case. The bond required in that section is conditioned for damages occasioned by "seizure, taking, and detention of the property of the alleged bankrupt." In the present case there was no seizure, taking, or detention of the property. The issuance of the restraining order is not a detention within the meaning of that section. All of the decisions that I have been able to find hold that under this section neither costs nor counsel fees are allowable, where property has not been seized or taken out of the possession of the bankrupt in accordance with the provisions thereof. In re Ghiglione (D. C.) 93 F. 186, 1 A. B. R. 580; In re Morris (D. C.) 115 F. 591, 7 A. B. R. 709; In re Williams (D. C.) 120 F. 34, 9 A. B. R. 736; In re Hines (D. C.) 144 F. 147, 16 A. B. R. 538; In re Shon (D. C.) 212 F. 797; In re National Carbon Co. (C. C. A. 6th) 241 F. 333.

For these reasons, the motion of the Farmers' & Merchants' Bank of Williston, S. C., for summary judgment against the petitioning creditors and their surety, must be denied, and a proper order to that effect will be entered accordingly.