# D. L. & W. RAILROAD CO. v. GINSBERG et al.

District Court, Morris County, New Jersey.

Nov. 29, 1948.

Donald R. Creighton of Hoboken (Allan W. Keusch, of Hoboken, of counsel), for plaintiff.

Bertram M. Berla, of Dover, for defendants.

ELY, D. C. J.

The plaintiff in this cause of action has instituted suit to recover for freight charges allegedly due from the defendants on shipments of cattle over the Delaware, Lackawanna and Western Railroad Company and the defendant has filed a counterclaim for damages for the loss of three cows claimed to have resulted from the alleged neglect and negligence of the plaintiff, the Delaware, Lackawanna and Western Railroad Company. The plaintiff, thereupon, moved to strike the counterclaim filed by the defendant.

In support of the motion to strike the counterclaim, the plaintiff cites the case of the Delaware, Lackawanna and Western Railroad Company v. Henry Nuhs Company, 93 N.J.L. 309, 111 A. 223. This decision says, in part,

"the fundamental concept of our constitutional form of government, which concedes to the federal government exclusive jurisdiction, except as permitted by federal legislation to the states, in all matters of interstate commerce. It also assumes that the public policy thus declared may, in its results, run counter to an evolution of state public policy; but it is obvious that as against the clear constitutional right of the general government to legislate. there can be recognized no legally independent antagonistic state policy which would in its results be destructive of the fundamental. conception of our national policy, based upon the constitutional prerogative. As between the federal and state courts, the determinations of the former, upon the construction of a federal statute, in a cause arising 'under the laws of the United States or growing out of the legislation of Congress', is conclusive and determinative upon the latter in suits instituted in the state jurisdiction. Wilcox v. Jackson, 13 Pet., U.S. 498, 10 L.Ed. 264; Missouri, K. & T. R. Co. v. Elliott, 184 U.S. 530, 22 S.Ct. 446, 46 L.Ed. 673; In re Lennon, 166 U.S. 548, 17 Sup.Ct. 658, 41 L.Ed. 1110; Robb v. Connolly, 111 U.S. 624, 4 S.Ct. 544, 28 L.Ed. 542."

The defendant, by way of answer to the plaintiff's motion, relies upon the decision of the United States Supreme Court in Chicago & N. W. R. Co. v. Lindell, 1930, 281 U.S. 14, 50 S.Ct. 200, 74 L.Ed. 670, wherein the court in disposing of a motion to strike the counterclaim in a case similar to the one at bar said "Adjustment of demand by counterclaim rather than by independent suit is favored and encouraged by law, since such practice serves to avoid circuity of action, inconvenience, expense, consumption of courts' time, and injustice" and in fact held, contrary to plaintiff's contention, that "the shipper, acting in good faith and without collusion, is not debarred by the Interstate Commerce Acts, particularly the Hepburn Act (34 Stat. 587) from pleading, by way of set-off, a counterclaim for a loss suffered by him as a result of the carrier's failure to perform its obligations touching

the transportation and delivery of the identical shipment".

There is no doubt that the decision in the Nuhs case is based upon Federal Public Policy as determined by previous decisions in the Federal Courts. However, the decision in Lindell case, relied upon by the defendant, has apparently reversed previous determinations as to Federal Public Policy relied upon by the Supreme Court in the Nuhs decision.

The policy of the courts of all jurisdictions of recent years has continually been one of disposing of all causes of action between parties involved in one action.

The motion to strike the counterclaim is, therefore, denied without costs.