## MOORER v. ANDREWS.

1. INJUNCTION BOND—DAMAGES.—A temporary injunction restraining defendant from cutting and selling wood having been dissolved after the expiration of two weeks, and judgment afterwards rendered for the defendant, the plaintiff was liable under his injunction bond for the reasonable fee of defendant's attorney for his ordinary services in procuring a dissolution of the injunction, and also for the loss of profits of a two weeks' supply of wood under a then existing contract, but not for loss of subsequent profits resulting from the departure of his hired labor.

2. A GENERAL EXCEPTION not considered.

Before KERSHAW, J., Orangeburg, January, 1892.

After judgment for the defendant in the case of Sarah A. Moorer *et al.* against J. H. Andrews *et al.*, the defendant obtained an order from Judge Aldrich, after notice, referring it to the master to ascertain and report the damages sustained by defendants under an injunction bond given by plaintiffs when they obtained an interlocutory injunction on November 29, 1884, which was vacated on December 15, 1884. The master reported *inter alia* as follows:

The evidence taken establishes the following facts:

1. That at the time of the service of the said injunction order upon the defendant, J. Hesse Andrews, he was under contract with one George H. Cornelson to furnish him 1,800 cords of wood, and to deliver to said Cornelson at least eighteen cords a week, with the privilege to said Cornelson to increase the quantity of wood to be delivered to thirty-six cords a week, should it be necessary; that the price to be paid the said J. Hesse Andrews by said Cornelson, under his said contract, was $1.75 per cord, which price yielded a profit to Andrews, clear of expenses, of ninety-five cents per cord; and that, for the purpose of carrying out said contract, the said J. Hesse Andrews had in his employ, at the time of service of said injunction order, about thirty or thirty-five hands, some of them from Barnwell and some from Sumter County, all of whom were engaged in cutting wood upon the lands in the possession of the defendant Andrews, and which were the lands in controversy between the plaintiffs and himself in this action; that said injunction order stopped said defendant Andrews from cutting and delivering wood under the said contract with Cornelson, and his hands became scattered, so that when the injunction was dissolved, and he could resume cutting and hauling, he could get but a small force of hands, insufficient in number to enable him to fully comply with his contract with Cornelson, and by reason thereof he failed to deliver to said Cornelson, under his said contract, not less than five hundred cords of wood, upon which he lost his profits.    *   *   *

3. That the said J. Hesse Andrews paid to James F. Izlar,

Esq., his attorney in said action, for his services in respect to the dissolution of the said injunction, a counsel fee of $250, and under the circumstances, which appear from Judge Izlar's testimony to have been extraordinary, I think the charge was a reasonable one. * * *

I find from the testimony that $100 would have been a reasonable charge under ordinary circumstances.

Upon the facts found, my conclusions are: * * *

2. That the defendant, J. Hesse Andrews, is entitled to damages for his losses arising from his inability to comply with his contract with Cornelson, this inability having been occasioned by the injunction; and the measure of said damages is the profits on the quantity of wood which he failed to deliver under his said contract, by reason of the said injunction. * * * In the case at bar, the loss of profits by Andrews under his contract with Cornelson was the natural, actual and proximate result of the plaintiffs' injunction; and the same can be ascertained with certainty, and said profits are not involved in speculation and doubt. He was to furnish Cornelson with a specified number of cords of wood, at a price certain, which yielded him a net profit of ninety-five cents a cord, he lost his profits on not less than 500 cords of wood, and is entitled to his damages therefor, amounting to $475. The plaintiffs and their sureties would, I think, have been entitled to reduce the amount of such damages, if it had appeared that Andrews had sold any part of the 500 cords on which he lost his profits by reason of the injunction, but the testimony does not show any such circumstance. The claim of the defendant Andrews for expenses of a hauler, feed of mules, and advertisements for hands, are disallowed as damages, as he receives the net profits on the wood, after deducting all expenses.

3. That the defendant, J. Hesse Andrews, is entitled, as a part of his damages, to what would be a reasonable counsel fee, under ordinary circumstances. The extraordinary circumstances which were considered by Judge Izlar when he made charge for his services in dissolving the injunction cannot be considered in fixing damages. One of the matters which entered into his charge was the effect a decision of the motion in favor of An-

drews would have on the general case, and under the authorities
this cannot be sustained. See *Exum* v. *Livingston*, 19 S. C., 229;
*Hill* v. *Thomas*, *Ibid*, 236. Nor do I think the additional in-
convenience to counsel, occasioned by his being a member of
the General Assembly at the time, can form an element in the
charge, so far as the plaintiffs and their sureties are concerned.
I have found that $100 would be a reasonable counsel fee, and
that amount is allowed.

4. That as the damages proven exceed the sum stated in the
undertaking, $500, the defendant, J. Hesse Andrews, is con-
fined to that amount for his recovery of damages herein.

Plaintiffs' exceptions to this report were as follows: 1. Be-
cause the said master erred in his finding and conclusion by
which a counsel fee was allowed to counsel of J. Hesse An-
drews, defendant. 2. Because the said master erred in his
finding and conclusion by which the sum of $475 was allowed
to said defendant for the loss of profits.

The Circuit decree was as follows:

Hearing the report of the master on the question of damages
sustained by the defendant, J. Hesse Andrews, by reason of
the injunction herein and exceptions thereto, and after hear-
ing Mr. Browning and Mr. S. Dibble in support of the excep-
tions, and Mr. Glaze contra, it appears to the court that the
exceptions taken by the plaintiffs to the item of four hundred
and seventy-five dollars, allowed as the profits on five hundred
cords of wood, should be sustained, and that the sum of $34.20,
the profits on two weeks' cutting and delivery, being the item
claimed in the account of J. Hesse Andrews for thirty-six
cords, at ninety-five cents per cord, be allowed, in lieu of the
sum allowed by the master, making the total of the damages
$134.20. And that the report of the master thus modified be
in other respects confirmed, and that as modified it stand as
the order of this court in the premises.

*Messrs. Izlar, Glaze & Herbert*, for appellants.

*Messrs. M. I. Browning* and *S. Dibble*, contra.

September 6, 1893. The opinion of the court was delivered by

MR. JUSTICE POPE. This action was heard by his honor, Judge Kershaw, upon exceptions to the report of the master, and now comes on to be heard in this court upon an appeal from the decree of the Circuit Judge.

It seems that the plaintiffs brought an action in the Court of Common Pleas for Orangeburg County to restrain the defendant Andrews from cutting down and disposing of by sale the timber growing upon a certain tract of land of which Mrs. Ann C. Andrews was in possession at the time of her death, and which subsequently was in the possession of said defendant Andrews; to restrain said defendant from renting out and receiving the rent from said lands; and, finally, for a partition of said lands. On the application of the plaintiffs, Judge Fraser, at chambers, on 29th November, 1884, granted an order of injunction against Andrews, but required the plaintiffs to execute a bond with sureties, to be approved by the clerk of such court, in the penalty of $500, conditioned to pay to said Andrews such damages, not exceeding $500, as he may sustain by reason of such injunction, if the court should finally determine that the plaintiffs were not entitled to such injunction. The plaintiffs executed the bond, with H. M. Moorer and John L. Moorer as sureties. This order of injunction was served upon the defendant Andrews on the 3d December, 1884. But he, on the 15th day of December, 1884, moved, upon due notice, before his honor, Judge Pressley, to vacate such order of injunction, and, after a full hearing thereof, Judge Pressley did vacate and set aside such injunction. And at the hearing of the action on its merits in the Circuit Court, the defendant prevailed, from which judgment no appeal was taken.

Now the defendant Andrews takes the initiative against the plaintiffs and their two sureties, H. M. Moorer and John L. Moorer, to require them to pay the $500 stipulated in their bond to obtain the original order of injunction, alleging that his damages were $666.70. The practice, in such cases as the present, has been fixed by this court. *Livingston* v. *Exum,* 19 S. C., 223; *Hill* v. *Thomas, Ibid,* 231, and the present case follows the precedents there laid down. The master for Orange-

burg took the testimony and heard the parties. By his report
he found that the defendant Andrews was damaged by the
order of injunction obtained by the plaintiffs beyond $500, but
recommended judgment for that sum. Upon exceptions to
this report, Judge Kershaw held and decreed that Andrews
was only entitled to a judgment for $134.20, thus overruling
the master's report for the most part.

And now J. Hesse Andrews appeals to this court, on the
following grounds: "1. Because his honor erred in overruling
the master's report and sustaining the plaintiffs' exceptions to
the item of $475 damages allowed to this defendant as the
profits lost on five hundred cords of wood, which defendant
was prevented by said injunction from selling and delivering
as per his contract, and in disallowing to him said profits. 2.
Because the master having found as a matter of fact that the
defendant, J. Hesse Andrews, by reason of the injunction in
this case, failed to deliver to George H. Cornelson, under his
contract, not less than five hundred cords of wood, upon which
the said J. Hesse Andrews lost his profits, amounting to $475,
his honor erred in overruling said finding of the master and
in not allowing the profits on said five hundred cords of wood
to the said defendant, J. Hesse Andrews, as part of his dam-
ages. 3. Because his honor erred in not sustaining the report
of the master, both as to his findings of fact and his conclu-
sions of law."

At the hearing before the master and the Circuit Judge both
parties to this contention seemed to fully recognize that when
the plaintiffs and their sureties signed the bond in order to ob-
tain an injunction against Andrews, they thereby became lia-
ble to pay to him, in case they failed to maintain their right
to the injunction, whatever damages Andrews sustained there-
from up to $500. This was as it should be. To invoke the
writ of injunction is no light matter. In case it is improvi-
dently sought and obtained, reparation should be made there-
for to the party aggrieved. The contention between the par-
ties to this controversy arises from an effort on the part
of Andrews to hold the parties to the injunction bond lia-
ble for $475, profits lost in 500 cords of wood, which he

alleges he was unable to have cut and delivered under his contract with George H. Cornelson, by reason of the operation of the order of injunction served on him on the 3d day of December, 1884, and annulled by Judge Pressley on the 15th day of December, 1884. Both the first and second exceptions are directed to these particular damages. We have carefully examined the whole testimony, having been impressed by the earnest zeal of appellants' counsel. We cannot hesitate as to our duty in the premises, for a careful attention to the testimony convinces us that Judge Kershaw was right. Let these exceptions be overruled.

The last exception is too general to receive attention here. We have heretofore endeavored to impress counsel with the determination of this court to enforce the rule which requires grounds of appeal to be specific, not general. Let the exception be overruled.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.