### HARMON v. WESTERN UNION TEL. CO.

1. TELEGRAM—DAMAGES—NONSUIT.—Failure to deliver a telegram which was merely an invitation to come and contract for houses, being a mere possibility of a contract, is too uncertain to base a judgment for damages upon.
   *Jenkins* v. *Ry. Co.*, 58 S. C., 370, *distinguished from this.*

2. IT IS HARMLESS ERROR to rule out or admit evidence which would not bear on nonsuit granted.

3. IT IS HARMLESS ERROR to hold on motion of nonsuit that complaint does not state facts sufficient to constitute a cause of action, where there is an entire absence of evidence to support a verdict.

4. PUNITIVE DAMAGES.—NONSUIT properly granted where there was no allegation or proof of wilfulness or wantonness, where punitive damages are sought.

Before Buchanan, J., Lexington, February, 1902. Affirmed.

Action by Killian Harman against Western Union Telegraph Co. From judgment of nonsuit, plaintiff appeals.

*Messrs. Muller & Sturkie,* for appellant, cite: *Failure to deliver telegram was act of wanton carelessness:* 57 S. C., 325; 62 S. C., 222. *Error to hold complaint did not state a* cause of action: 62 S. C., 235; 28 S. C., 86; 57 S. C., 325; 34 S. C., 311; 35 S. C., 475; 58 S. C., 273.

*Messrs. Smythe, Lee & Frost,* contra, cite: *Admission of Haltiwanger telegram, harmless error:* 61 S. C., 339. *No allegations to support punitive damages:* 60 S. C., 74; 16 Ency., 392-5; 64 S. C., 492. *Nonsuit and not demurrer was defendant's remedy:* Code, 168; 18 S. C., 584. *General rule as to profits allowed as damages:* 8 Ency., 2 ed., 616-20-22; 41 N. Y., 541; 48 Ala., 243; 25 S. C., 68; 1 McC., 584; 45 N. Y., 744; 40 S. C., 524; 57 S. C., 189.

March 30, 1903. The opinion of the Court was delivered by

Mr. Justice Woods. The plaintiff sought by this action to recover damages because of the failure of defendant to deliver to him the following telegram received by it for transmission: "Perry, S. C., 12-5-1899. Killian Harman, Batesburg, S. C. Can you come here immediately build two or more houses by contract. Answer. J. C. Fort." The plaintiff offered evidence tending to show that when the telegram was received at Batesburg, he was not there, and the defendant's agent informed the sender of telegram by wire of his absence in Columbia, but did not deliver the message at the residence of plaintiff, which was within its free delivery limits. Plaintiff offered to prove further that he had left instructions with his wife to forward business communications of this character, but the evidence was excluded.

Fort, preferring plaintiff to do the work because of his lower charge, went to Columbia to see him, but learning he was no longer there, contracted with another party to build the houses. At the conclusion of plaintiff's evidence, the Circuit Judge, upon motion, ordered a nonsuit, and plaintiff appeals.

We think the proof was entirely inadequate to sustain the action. *Sitton* v. *Macdonald,* 25 S. C., 68; *Moorer* v. *Andrews,* 39 S. C., 430; 17 S. E., 948; 8 Am. & Eng. Ency., 2 ed., 620; Shearman & Redfield on Negligence, sec. 745. The telegram itself was merely an invitation to come and contract for houses, and whether the terms would have been agreed on and the contract made, was altogether conjectural. Whether any damage would result depended on this contingency, which was too uncertain to be made the basis of the judgment of a Court. In addition to this, there is no evidence whatever of what the value of the contract for building the houses would have been to plaintiff, if it had been made. The case is, therefore, very different from cases like *Tel. Co.* v. *Fenton,* 52 Ind., 1, and *Tel. Co.* v. *Volentine,* 18 Ill. App., 57, where telegrams were sent offering a fixed salary.

The appellant relies on *Jenkins* v. *Railway Co.,* 58 S. C., 373, 36 S. E., 703; but in that case the plaintiff proved he had made a definite contract, and what his profit would have been if he had been allowed to complete it. Here there was only a possibility of a contract, and no proof of any profit that would have grown out of it. The third exception is, therefore, overruled.

If the telegram of Haltiwanger to Fort notifying him that Harmon was in Columbia, had been excluded, and if the statement of plaintiff's wife as to directions left by him to forward telegrams had been admitted, the result would have been the same, because this evidence did not bear on the grounds of nonsuit. If there was any error in these rulings it was, therefore, harmless, and the first and second exceptions are overruled.

Neither would the result have been affected if the Circuit Judge had held that it was the duty of the defendant to deliver the telegram at the residence of the plaintiff upon discovering his absence. It is unnecessary, therefore, to consider the fifth and sixth exceptions.

If the Circuit Judge erred, as it is alleged in the fourth exception, in holding on a motion for a nonsuit that the complaint did not state facts sufficient to constitute a cause of action, this error would not avail the plaintiff, because, as we have seen, there was an entire absence of proof upon which a verdict could be based.

The seventh exception must be overruled, because there is no allegation in the complaint of wantonness and wilfulness upon which a recovery for punitive damages could rest, and there was no proof whatever tending to establish this essential basis of punitive damages. *Proctor* v. *Ry. Co.,* 61 S. C., 190, 39 S. E., 351.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.

*Submitted on printed Briefs.—R.*