## BIRD v. WESTERN UNION TEL. CO.

TELEGRAPH COMPANIES—NONSUIT.—There was total failure of proof of damages for negligence in delivery of a telegram asking permission to make a bid on a stock of goods to be sold, because the addressee had not agreed to bid at all, but only to furnish to sender a certain sum of money on conditions which it does not appear he could have complied with on day of sale, and damages claimed are too remote, based on expected profits in a new business, and it was altogether conjectural whether sender could have bought the goods at the price named.

*Hays v. Tel. Co.*, 70 S. C., 19; *Wallingford v. Tel. Co.*, 53 S. C., 410, and 66 S. C., 212, *distinguished from this case.*

Before MEMMINGER, J., Cherokee, April, 1906. Affirmed.

Action by D. R. Bird against Western Union Tel. Co. From judgment of nonsuit, plaintiff appeals.

*Mr. N. W. Hardin,* for appellant, cites: *Nonsuit should not be granted if there is scintilla of evidence:* 44 S. C., 315; 48 S. C., 421; 68 S. C., 403; 75 S. C., 187; 69 S. C., 545; 25 Ency., 831. *There was a scintilla as to damages here:* 25 Ency., 854; 139 U. S., 199; 70 S. C., 19; 58 S. C., 373; 53 S. C., 410; 60 S. C., 212.

*Messrs. Geo. H. Fearons, Evans & Finley* and *J. C. Jeffries,* contra. No argument furnished Reporter.

March 22, 1907. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This appeal is from an order of nonsuit in an action to recover damages for an alleged loss arising from delay in transmitting a business telegram.

Taking as true the testimony of the plaintiff, these facts were before the Court: The plaintiff, a merchant, had failed in business at Blacksburg and had filed his petition in bankruptcy. The trustee in bankruptcy advertised the stock of goods for sale to the highest bidder. While the evidence on the point is vague, we infer the plan adopted was to take private bids, the requirement being that they should be submitted by twelve o'clock M., 7th of October, 1904. The plaintiff had not settled with his creditors nor obtained his discharge, but in the expectation of doing so, wished to buy the stock of goods and reopen business. With this end in view, he had entered into negotiations with J. N. Cudd, a resident of Spartanburg, looking to a loan from him of four thousand dollars which would enable him to submit a bid of sixty-three per cent. of seven thousand dollars, the appraised value of the goods. These negotiations had progressed to the point of agreement by Cudd to advance four thousand dollars, taking as security a mortgage of the stock of goods and of a storehouse formerly the prop-

erty of the plaintiff, but then held by the trustee in bankruptcy. Plaintiff expected Cudd in Blacksburg on the day of the sale, to perfect the arrangement and thus enable him to bid on the stock of goods. When he failed to appear, plaintiff at about nine o'clock A. M., delivered to the defendant telegraph company for transmission this message:

"Blacksburg, S. C., Oct. 7th, 1904.
To J. N. Cudd, Spartanburg, S. C.
    Shall I bid for you at amount agreed upon. Answer.
                                            D. R. Bird."

The answer was:

"Spartanburg, S. C., Oct. 7th, 1904.
To D. R. Bird, Blacksburg, S. C.
    I am willing to advance four thousand dollars on stock and storehouse on terms agreed.          J. N. Cudd."

This answer did not reach plaintiff until about one o'clock P. M., after the goods had been sold to another bidder at fifty-nine per cent. of the appraised value. The plaintiff testified the goods would have been worth to him, in the new business which he intended to open, at least fifteen hundred dollars over the bid he intended to make. Cudd's testimony, offered by the plaintiff, was to the effect there was no agreement that he would bid on the goods and that he would not have made himself liable for any bid; that he never contemplated anything more than advancing four thousand dollars on a mortgage of the stock of goods and the store house; that he would not have loaned the money until satisfied of the plaintiff's title to the storehouse, and that he was not informed on that subject on the day of sale.

The nonsuit was proper for several reasons. If the message from Cudd had been delivered promptly, the evidence fails to show the plaintiff could have complied with Cudd's requirement of a mortgage on the stock and storehouse. The storehouse presumably had passed into the hands of the trustee in bankruptcy. There was no evidence of a reacquisition of it by plaintiff as a homestead, or by settle-

ment with his creditors, and hence, there was a total failure to show it was available to plaintiff as property he could mortgage. Cudd's telegram did not authorize a bid in his name or on his credit, and he says he had no idea of becoming responsible for any bid on the goods. The sale was for cash, and certainly Cudd's telegram would not have made cash available to the plaintiff to pay any bid made by him.

But, even if Cudd had telegraphed the plaintiff four thousand dollars, it is altogether conjectural whether plaintiff would have acquired the goods at the price he was willing to pay. There was no testimony that the bids were secret; and it may be, the person who actually purchased would have paid the full appraised value of the goods.

In addition to all this, the claim of the plaintiff for fifteen hundred dollars damages rested on expected profit in a new mercantile business, which the plaintiff hoped to launch after settlement with his creditors. Such profits are too uncertain and depend on too many contingencies to sustain a claim for damages for tort or breach of contract. The plaintiff relies on *Hays* v. *Telegraph Co.,* 70 S. C., 19, 48 S. E., 608, 67 L. R. A., 481; *Wallingford* v. *Tel. Co.,* 53 S. C., 410, 31 S. C., 275; *Wallingford* v. *Tel. Co.,* 60 S. C., 212, 38 S. E., 443, but in all these cases the profits held to be recoverable were represented by differences in market value well established, and not depending on contingencies of skill to be exercised or success to be attained. The expected profits here demanded as damages are like those claimed and disallowed in *Howard* v. *Mfg. Co.,* 139 U. S., 199, and *Harman* v. *Tel. Co.,* 65 S. C., 490, 43 S. E., 959.

We think there was evidence of negligence in the transmission of the telegram from Cudd to the plaintiff by unnecessary delay in the Spartanburg office, but there was a total failure to prove damages resulting therefrom.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.