DUKE POWER CO. et al. v. GREENWOOD COUNTY et al.

Ex parte GREENWOOD COUNTY.

No. 451.

District Court, W. D. South Carolina.
Dec. 3, 1938.

420

W. H. Nicholson and R. F. Davis, both of Greenwood, S. C., and D. W. Robinson, Jr., of Columbia, S. C., for petitioner.

W. S. O'B. Robinson, Jr., and W. B. McGuire, Jr., both of Charlotte, N. C., and H. J. Haynsworth, of Greenville, S. C., for plaintiffs.

John W. Scott, Sp. Asst. Atty. Gen., and Wm. J. Dempsey, of Washington, D. C., for Harold L. Ickes.

MYERS, District Judge.

This suit was brought by the plaintiffs, electric utility corporations operating in Greenwood County, South Carolina, and in adjoining counties, to enjoin the making of a loan and grant by the Federal Administrator to Greenwood County, under the provisions of Title 2 of the National Industrial Recovery Act of June 16, 1933, § 201 et seq., 48 Stat. 195, 200, Chap. 90, 40 U.S.C.A., § 401, et seq., for the construction by Greenwood County of a local electric power plant to be operated by the County in competition with plaintiffs. The plaintiffs, by their amended and supplemental bill of complaint, challenged the constitutional authority of the Federal Government, as well as the statutory authority of the Federal Administrator, to make the loan and grant and also challenged the authority of the County and its officials to receive and use the loan and grant for the construction of the proposed power plant. The suit was instituted on November 7, 1934, and, after protracted litigation, was finally terminated, adversely to plaintiffs, on January 3, 1938, by a decision of the United States Supreme Court, holding that plaintiffs had no standing to maintain the suit. 302 U.S. 485, 58 S.Ct. 306, 82 L.Ed. 381.

After the mandate of the Supreme Court was filed in this court, Greenwood County filed its petition for restitution and for an award of damages under the bond given by plaintiffs in obtaining a preliminary injunction. This matter, together with plaintiffs' exception to taxation of costs, was heard by me in the city of Greenville, South Carolina, by proper designation of the Senior Circuit Judge, and has been fully considered upon argument then heard and upon briefs subsequently filed.

Petitioner alleges in its petition that it would have completed the proposed power plant and put it in operation by February 1, 1936, but for the delays occasioned by this suit and the alleged erroneous decrees of injunction entered herein; that by reason of said delays the completion of the plant is not expected to occur until about June 1, 1939; that during the period of delay plaintiffs sold power to consumers who were prospective customers of petitioner; that by reason of such sales plaintiffs profited at the rate of $250,000 a year, or a total for the entire period of $850,000; and petitioner alleges, on information and belief, that but for the alleged erroneous decrees it would have realized this profit from the sale of electric energy to private and public consumers; and that the plaintiffs have been unjustly enriched by reason of said alleged erroneous decrees and now retain large profits to which they are not entitled, and which in equity and good conscience they should be required to restore to petitioner.

In stating its claim for damages under the injunction bond, petitioner alleges that the preliminary injunction was wrongfully obtained; that plaintiffs are therefore liable to petitioner for such costs and damages as petitioner may have suffered by reason of the injunction; and that petitioner has suffered costs and damages up to and exceeding $50,000, the penalty of the bond, consisting of additional engineering expenses and legal fees, increased cost of labor and material, and loss of

profits that would have been made by petitioner had the construction and operation of the plant been allowed to go forward without interference from the plaintiffs.

The plaintiffs, in their return to the petition, incorporated a motion to dismiss the petition, and the cause has been heard on the motion. The grounds of the motion are that the petition does not state facts sufficient to entitle petitioner to any relief, and upon its face is wholly without equity; and that it appears from the record of the cause that petitioner is not entitled to any relief against the plaintiffs.

The facts, as alleged in the petition and established by the record, and as admitted by the motion to dismiss, are as follows:

1. This court first denied defendants' motion to dismiss the bill for want of equity, 10 F.Supp. 854; then heard the case on the merits, and on August 26, 1935, entered a final decree of injunction, 12 F. Supp. 70; on appeal the Circuit Court of Appeals, upon motion and showing by the Administrator that defendants, after the entry of the injunction decree, had rescinded the loan and grant agreement dated December 8, 1934, in existence at the time of the decree, and entered into a new agreement dated November 30, 1935, remanded the case to this court for reconsideration in the light of the new agreement, 4 Cir., 79 F.2d 995; after the remand this court took further testimony and on December 21, 1935, entered a second decree refusing to set aside and vacate the original decree; on appeal the Circuit Court of Appeals reversed the decrees of this court and ordered the bill dismissed for lack of equity, 4 Cir., 81 F. 2d 986, Judge Soper dissenting; on certiorari the United States Supreme Court, considering that the courts below had not acted in accordance with the standards of proper procedure in considering the changed situation brought about by the new contract, and that the record had been improperly made up, refused to pass on the merits, and in order that the cause might be retried, reversed the decree of the Circuit Court of Appeals and remanded the case to this court with directions to vacate the decrees of August 26, 1935, and of December 21, 1935, to permit the pleadings to be amended and to retry the case, 299 U.S. 259, 57 S.Ct. 202, 81 L.Ed. 178; on receipt of the mandate the prior decrees were vacated, the pleadings amended, the cause retried, and on June 1, 1937, a final decree entered dismissing the bill on is merits, D.C., 19 F. Supp. 932; on appeal the Circuit Court of Appeals affirmed, Judge Soper dissenting, 4 Cir., 91 F.2d 665; and on certiorari the Supreme Court affirmed the decree of the Circuit Court of Appeals, 302 U.S. 485, 58 S.Ct. 306, 82 L.Ed. 381.

2. On February 1, 1937, after the injunction decree of August 26, 1935, was vacated, this court, on motion of plaintiffs, granted a preliminary injunction restraining the defendants until the further order of the court from advancing, receiving or using federal funds for the construction of the contemplated power plant; and required the plaintiffs as a condition of the granting of the injunction to execute, and plaintiffs did execute, the usual injunction bond in the penal sum of $50,000. The court incorporated in the order granting the preliminary injunction a provision that the injunction should not prevent the payment to Greenwood County by the Federal Administration of funds up to $100,000 to be used by the County in paying legal, engineering and other administrative expenses, and later modified the order so as to permit the County to obtain further funds up to the additional amount of $150,-000 to be used in paying legal, engineering and other administrative expenses, and in purchasing necessary lands for the development of the project.

3. This preliminary injunction remained in effect until June 1, 1937, a period of four months, when it was vacated by the final decree entered on that date. It did not delay the ultimate determination of the suit, or cause petitioner any additional damage or expense beyond that resulting from the principal suit.

4. On the appeal of plaintiffs from the final decree of June 1, 1937, the Circuit Court of Appeals on June 19, 1937, granted plaintiffs' motion for a restraining order, during the pendency of the appeal, similar in effect to the preliminary injunction granted by the District Court. The plaintiffs were not required to give a bond for damages, but the court incorporated in the order a provision that it should not prevent the payment to Greenwood County, in addition to funds already advanced, of further funds up to $150,000 for use by the County in paying legal, engineering and other administrative expenses, and in the purchase of necessary land should the

emergency arise for such purchase. The court in granting the order recited the prior proceedings in the case as showing "The importance of the case and of the issues involved therein", and stated: "It thus appears that the United States Supreme Court has already determined that the questions involved in this case are of such importance that they should be finally settled and determined by that Court. In the meantime for appellees to proceed with the undertaking, while the appeal is pending, would tend to frustrate the purpose of the appeal and, in the event of a reversal or modification of the decree appealed from, to render the action of the Appellate Court of no effect and to cause irreparable injury to appellants. Under these circumstances the rule is well settled that the status quo of the case should be preserved pending the appeal, or until the further order of this Court."

5. During the pendency of the suit plaintiffs continued to sell electric power in the Greenwood area. This power was sold by plaintiffs at their established rates and in the regular conduct of their business as electric public utility corporations. If the proposed plant had been in successful operation during this period and its entire estimated output sold to customers of plaintiffs, they would have sustained a substantial annual loss in their gross revenues.

The court, after consideration of the motion and the arguments and briefs of counsel, has reached the conclusion that the motion must be granted and the petition dismissed.

■■■ First. The doctrine is well settled that there is no liability for damages resulting from a suit for an injunction or from an injunction erroneously granted, unless the suit was prosecuted maliciously and without probable cause. Russell v. Farley, 105 U.S. 433, 26 L.Ed. 1060; Meyers v. Block, 120 U.S. 206, 7 S.Ct. 525, 30 L.Ed. 642; City of Yonkers v. Federal Sugar Refining Co., 221 N.Y. 206, 209, 116 N.E. 998; 32 Corpus Juris p. 464. Counsel for petitioner concede that it cannot make out a case of malicious prosecution and the concession was not improvident. Probable cause is conclusively established by the court's denial of the motion to dismiss the bill and by the decree of injunction granted after a hearing on the merits, and the conclusiveness of this showing is not affected by the fact that the decree was subsequently set aside and vacated. Crescent City Live Stock Landing, etc., Co. v. Butchers' Union, etc., Co., 120 U.S. 141, 7 S.Ct. 472, 30 L.Ed. 614. The rule in such cases is correctly stated in 32 Corpus Juris p. 464: "The granting of an injunction after the court is fully informed by proof taken and argument on both sides is conclusive of probable cause preventing a recovery for malicious prosecution; and this is so, although the judgment so rendered is afterwards reversed on appeal."

Furthermore, the Supreme Court of the United States, in directing that the decree in this case be set aside and vacated, did not base its ruling on the ground that there had been any original error in the granting of the decree; it expressed no opinion upon the merits; but held that the change in the loan and grant agreement, made subsequently to the granting of the decree, required a retrial; and it was, in order that the case might be retried in the light of this changed situation, that the court directed that the decree be set aside and vacated. 299 U.S. 259, 268, 57 S.Ct. 202, 81 L.Ed. 178.

■■■ ■ Second. There is no factual or legal basis for the County's claim for restitution. The factual basis asserted is the profit which petitioner alleges it would have earned had the construction and operation of the contemplated power plant not been delayed by the pendency of the suit. But the court can find no authority for extending the doctrine of restitution to cover an award of expected profits from a business contemplated but not yet established. They are too speculative and uncertain to form the basis of a recovery in any legal proceeding, and the doctrine that they will not be considered is firmly established: In Bird v. Western Union Telegraph Co., 76 S.C. 345, 56 S.E. 973, Judge Woods states the rule in South Carolina as follows: "In addition to all this, the claim of the plaintiff for $1,500 damages rested on expected profit in a new mercantile business, which the plaintiff hoped to launch after settlement with his creditors. Such profits are too uncertain and depend on too many contingencies to sustain a claim for damages for tort of breach of contract. * * * The expected profits here demanded as damages are like those claimed and disallowed in Howard v. Mfg. Co., 139 U.S. 199, 11 S.Ct. 500, 35 L.Ed. 147, and Harmon v. Tel. Co., 65 S.C. 490, 43 S.E. 959."

The legal basis relied on is the fact that, while the decree of injunction was in effect, the plaintiffs continued to sell electric power in the Greenwood area to consumers who, the County alleges, would have purchased from it but for the delay in the construction of its plant. But the County had no exclusive franchise or other exclusive right to sell electric power in the Greenwood area, and the action of the plaintiffs in continuing to sell power in that area violated no right of the County. The power sold by the plaintiffs was produced by their own plants and sold at their established rates. They were electric utility corporations and could not lawfully discontinue their business during the pendency of the suit.

Under these circumstances there is no basis on which to support a claim for restitution. The necessary condition of such a claim is that the party against whom restitution is sought must have received something of value, by virtue of the decree, which it is his duty to restore upon the reversal of the decree. Here the plaintiffs received nothing and "there is no support in reason or authority for an extension of the doctrine of restitution to cover an award of damages for that which the restorer never received and in no true sense could restore." 3 Am.Jur. 743, and also Tenth Ward Road Dist. No. 11 v. Texas & P. Ry. Co., 5 Cir., 12 F.2d 245, 45 A.L.R. 1513; United Motors Service v. Tropic-Aire, 8 Cir., 57 F.2d 479.

Third. The petitioner sustained no loss by reason of the preliminary injunction beyond the damages resulting from the suit itself, and it is well settled that damages resulting from the suit, as distinguished from damages resulting from the injunction, cannot be recovered in an action or proceeding on an injunction bond. 32 C.J. 465; 2 High on Injunctions (3d Ed.) 1663; Burgen v. Sharer, 14 B. Mon., Ky., 497; Southern Ry. Co. v. Pardue, 123 Tenn. 376, 131 S.W. 862. Here the preliminary injunction was in effect for only four months of the period of more than three years during which the suit was pending, and the order granting the injunction contained adequate exceptions to prevent it from causing any loss to the County while it was in effect.

The liability under a bond exacted by a federal court in granting an injunction is a question of federal law, and the rule in the federal courts is that attorneys' fees for services in effecting a dissolution of the injunction are not recoverable under the bond. Tullock v. Mulvane, 184 U.S. 497, 22 S.Ct. 372, 46 L.Ed. 657; In re Farmers' Union Mercantile Co., D.C.E. D.S.Car., 26 F.2d 102.

But in this case, if the rule followed by the State courts of South Carolina were applied, there could be no recovery of attorneys' fees, as there was no motion to dissolve the injunction. Its dissolution resulted from the hearing of the case upon its merits, and under the state law attorneys' fees for general services in the case cannot be recovered in an action on the injunction bond. Hill v. Thomas, 19 S.C. 230.

The delay in the construction of the plant did not result from the granting of the preliminary injunction, but resulted from the litigation involved in the principal suit. When the preliminary injunction was granted the suit had been pending and the construction of the plant held in abeyance for more than two years; and it is alleged in the County's petition that the pendency of the suit, particularly after the refusal of the court on April 23, 1935, to dismiss the bill, "acted as a de facto injunction, effectively preventing this petitioner from proceeding with the construction of its project during the entire period of the suit."

The litigation involved questions which had never been decided by the Supreme Court, and, in view of the large interests at stake, it was highly important that these questions be authoritatively decided. When the preliminary injunction was granted, the Supreme Court had already granted a writ of certiorari in order that the questions involved might be brought before it for final decision. For the reasons stated in its opinion it had refrained from passing upon them on the record then presented and had remanded the cause to this court for retrial, stating in its opinion that the cause was being remanded in order that it might be properly heard and determined. Under these circumstances every consideration of orderly procedure demanded that matters remain in statu quo until there could be an authoritative adjudication; so that in no aspect of the case could there be an award of damages other than the costs of the suit. Coosaw Mining Company v. Caro-

424

lina Mining Company, C.C., 75 F. 860; Russell v. Farley, 105 U.S. 433, 26 L.Ed. 1060.

Plaintiffs have excepted to the costs of the first and second appeals to the Circuit Court of Appeals being taxed against them, on the ground that on the first appeal the cause was not heard upon the merits but, on motion of the Administrator, was remanded to the District Court for reconsideration in the light of the new loan and grant agreement which the defendants had entered into pending the appeal, and on the ground that the decree of the Circuit Court of Appeals rendered in favor of the defendants on the second appeal was subsequently reversed by the Supreme Court. But this court is of the opinion that the exceptions are not well taken. The Supreme Court having held that the plaintiffs had no standing to maintain the' suit, the defendants are entitled to recover the full cost of the entire litigation, including the cost of the first and second appeals to the Circuit Court of Appeals.

Appropriate orders will be entered dismissing the petition and denying the County's application for damages other than costs, and overruling plaintiffs' exceptions to the taxation of costs.