## United States Fidelity & Guaranty Company, et al. v. Travelers' Insurance Machine Company.

(Decided March 14, 1916.)

Appeal from Jefferson Circuit Court
(Common Pleas Division, No. 4).

BROWN & NUCKOLS, T. T. ANSBERRY, J. P. HOBSON & SON, WILLIAM MARSHALL BULLITT and ALEXANDER SCOTT BULLITT for appellants.

DAVID R. CASTLEMAN, MERIT O'NEAL, WILLIAM B. THOMAS and PRYOR & CASTLEMAN for appellee.

RESPONSE BY JUDGE SETTLE OVERRULING PETITION FOR REHEARING.

For former opinion see 167 Ky., 382.

A careful reading of the petition for a rehearing filed by the appellants in this case has failed to con-

vince us of any substantial error in the opinion, either in its conclusions of fact or law. The only error in the opinion disclosed by the petition for rehearing is one that it wholly immaterial. The error in question is contained in the reference made in the opinion to the case of Newton v. Bayless Fruit Co., 155 Ky., 440, following the quotation of a rule of law announced in the opinion thereof, which rule, together with the measure of damages approved therein, appellants had, in argument, contended was applicable to the issues of facts in this case. The error consists in the statement that it was held in Newton v. Bayless Fruit Co. that the rule quoted could not be invoked by the defendant in that case; whereas, it was therein held to be applicable.

As the writer of the opinion in that case also wrote the opinion in this case, it is obvious that the patently immaterial error in question was inadvertently committed. What was in the mind of the writer that the measure of damages approved in Newton v. Bayles Fruit Co., *supra,* and which counsel for appellant insisted should have been embraced in the instruction to the jury in this case on the subject of damages, had no application to the issues of fact in this case. This is shown by the following excerpt from the opinion in this case:

"The measure of damages as given in the case *supra* (Newton v. Bayless Fruit Co.) is not applicable here. It is true there was no election made by the appellee in this case to refuse to perform the contract because of the failure of the first machines delivered to conform to the requirements thereof, as such election was postponed and prevented by the repeated assurance of the Noyes Manufacturing Company, made at the time of each delivery of the machines, down to the time the last of the 132 were delivered, that it would be able to remedy the defects apparent therein, so that they would perform the required mechanical function    *    *    *"

The petition presenting no reason for the rehearing asked, it is hereby overruled. Whole court sitting.