# United States Fidelity & Guaranty Company, et al. v. Travelers' Insurance Machine Company.

(Decided October 1, 1920.)

## Appeal from Jefferson Circuit Court (Common Pleas Division, Number 4).

1. Injunction—How Federal Courts Governed in Issuing.—In the absence of a rule of court or a statute to the contrary, federal courts are governed by the practice of the High Court of Chancery in England and the general rules governing equitable procedure, which allow the judge thereof, in the exercise of a sound discretion, to impose reasonable terms in the granting of temporary injunctions.

2. Injunction—Recovery of Attorneys' Fees in Actions on Injunction Bond.—It is the rule in the federal courts to not allow the recovery of attorney's fees as special damages in a suit on an injunction bond containing only general language to pay the damages which defendant might sustain if the injunction should be finally dissolved. But this rule is one of construction only and does not announce a fixed public policy. Therefore, it is competent for the court, in the exercise of a sound discretion, to exact of plaintiff a stipulation in the bond for the payment of attorney fees as a condition precedent to the granting of the injunction and a bond executed in compliance with the order is enforcible.

3. Injunction—Attorneys' Fees.—An attorney who procured a judg-
ment for his client under a contract providing for a contingent
fee is not obligated as between himself and client to defend an
injunction suit brought to enjoin the judgment obtained by him
under his contingent employment in a foreign jurisdiction, and
which is based upon facts arising entirely after the judgment
was obtained, although as between himself and client, the at-
torney would be postponed in the collection of his fee until the
injunction suit was finally disposed of in favor of the client.

4. Injunction—Attorneys' Fees.—In this case it is held, under the
facts recited in the opinion, that it is no defense to the recovery
of attorney's fees in a suit on an injunction bond, stipultaing for
their payment, that the attorneys for defendant, in the injunction
suit, which is plaintiff in the action on the bond, had a contract
with its attorneys for a contingent fee, since such contract did
not require the attorneys to defend the injunction suit, but if it
did, the stipulation in the bond was tantamount to an agreement
to pay a part of the contingent fee.

WILLIAM MARSHALL BULLITT for appellants.

DAVID R. CASTLEMAN and WILLIAM B. THOMAS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee and plaintiff below, Travelers' Insur-
ance Company, is an Arizona corporation, but its prin-
cipal business office was located at all times herein men-
tioned in Louisville, Kentucky. It entered into a con-
tract with the Noyes Manufacturing Company (herein-
after called the Noyes Company), an Ohio corporation,
to manufacture and deliver to plaintiff five hundred auto-
matic insurance slot machines, and to guarantee the per-
formance of its contract it executed a bond to plaintiff
with the appellant, United States Fidelity & Guaranty
Company (hereinafter called the Guaranty Company, or
defendant), as its surety. The contract was made on
August 3, 1911, and on October 4, 1913, plaintiff, claim-
ing that the contract with the Noyes Company for the
manufacture of the slot machines had been violated, filed
a suit against it and its surety in the Jefferson circuit
court to recover the sum of $100,000.00 damages for such
breach. The court, upon trial of that case on March
21, 1914, rendered judgment against the defendants
therein in favor of plaintiff for the sum of $91,585.20. An
appeal was prosecuted to this court, and on December 17,
1915, the judgment was affirmed (167 Ky. 382) and ten
per cent (10%) damages awarded, since the appellant,
the Guaranty Company, had superseded the judgment,

followed by the issual of a supersedeas. That action will hereinafter to referred to as the "Kentucky suit."

After the petition for a rehearing filed by the Guaranty Company was overruled (169 Ky. 158) a mandate was issued, and shortly thereafter it filed suit in the United States District Court for the District of Arizona against the plaintiff and appellee herein, seeking to enjoin it from collecting any part of the Kentucky judgment upon the ground that after its rendition plaintiff had entered into a binding contract with the Noyes Company, for whom the Guaranty Company was surety, whereby plaintiff released that company from certain obligations imposed upon it by the judgment, and whereby the collection of the judgment as against it was suspended without its superseding the judgment and which was done without the knowledge of defendant. That suit in Arizona was filed in April, 1916, and a motion was made for a temporary injunction till the final hearing of the cause upon its merits, which motion was sustained, upon terms imposed by the court that the plaintiff therein, the Guaranty Company, would execute bond to the defendant therein (plaintiff herein) in the sum of $130,000.00, "conditioned that the said plaintiff will pay the said defendant any damages sustained by it by reason of said injunction, including the amount of the judgment enjoined, with interest thereon accrued and to accrue, and also its attorneys' fees and costs herein incurred, if it shall be finally determined that the plaintiff was not entitled thereto."

The bond was executed with the above conditions incorporated as a part of its obligatory terms, the surety thereon being the appellant and defendant below, the Maryland Casualty Company (herein referred to as the Casualty Company). The cause was heard upon its merits about six months after the suit was filed and the petition was dismissed. From that judgment the Guaranty Company prosecuted an appeal to the United States Circuit Court of Appeals for the ninth circuit at San Francisco, California. That appeal was afterward dismissed without prejudice and another one was prosecuted from the judgment of the District Court to the Supreme Court of the United States, and in due time that court dismissed it.

This suit was filed by plaintiff against the Guaranty Company and its surety, the Casualty Company, on the

bond which they executed in the United States District Court for the District of Arizona to obtain the temporary injunction, and in the petition plaintiff seeks to recover the sum of $52,301.09, $40,000.00 of which was alleged to be damages sustained because of its being deprived of the use of the money, the collection of which was enjoined, whereby it was prevented from manufacturing machines, since as alleged it had no other funds, and during which time the price of material greatly advanced. The other $12,301.09 sought to be recovered was for fees of attorneys and their expenses in defending the injunction suit in Arizona, some of which fees were paid to local counsel at Phoenix, Arizona, and at San Francisco, California, but $10,000.00 of which was paid to Pryor & Castleman, of Louisville, Kentucky, who were attorneys for plaintiff in the Kentucky suit against the Noyes Company. The court sustained a demurrer to that paragraph of the petition seeking to recover the item of $40,000.00 damages, and upon final hearing rendered judgment in favor of plaintiff for the sum of $12,287.74, and complaining of that judgment the defendants prosecute this appeal.

The fee recovered of $10,000.00 and for which judgment was rendered was fixed by a jury to whom its reasonableness was submitted by appropriate instructions. The item of expenses of plaintiff's attorneys in defending the suit in Arizona, and the other courts to which it was taken, is not seriously objected to on this appeal, but it is vigorously insisted (1) that the court erred in permitting attorney's fees to be recovered as an item of damage in this suit on the injunction bond executed in the Arizona suit because (a) under the federal practice, attorney's fees are not allowed as an item of recovery in a suit in the usually conditioned bonds demanded, required and executed in the federal court as a prerequisite to the granting of a temporary injunction, and (b) that this rule disallowing the recovery of attorney's fees upon the ordinarily conditioned bond is one based upon a federal public policy and that it was incompetent and illegal for the federal judge in Arizona to exact as a condition precedent to the issual of the injunction a stipulation in the bond for the payment of attorney's fees, contrary to the rule in the federal courts disallowing them when not stipulated for, and that such requirement being beyond the jurisdiction of the court was void as was also the stipulation to that effect inserted in the bond.

In ground (2) urged for reversal it is insisted that the item of attorney's fees should not be allowed because plaintiff, Travelers' Insurance Machine Company, had a contract with its attorneys in the Kentucky suit to pay them a contingent fee of thirty per centum (30%) of the amount recovered in satisfaction of their services, which contract obligated them to defend the injunction suit in Arizona which obstructed the collection of the Kentucky judgment and had to be disposed of so the judgment could be collected and the attorneys paid their contingent fee.

Before entering upon a discussion of the concrete contentions, we deem it necessary to say that nowhere have we found in the federal district, or circuit courts does there exist, either by rule of court or by statute, any hard and fast prescribed form of bond which the court or the judge shall require of the plaintiff upon a motion for a temporary injunction. His action in this regard, in the absence of a mandatory rule or a statute, is governed by the practice of the High Court of Chancery in England and the rules governing equitable procedure. Bein v. Heath, 12 Howard 168; Russell v. Farley, 105 U. S. 433, and 14 R. C. L. 473. But from whatever source the authority is obtained the ordinary and usual language required to be inserted in a bond of this character is "To pay all damages the defendant may sustain if the injunction is finally dissolved."

It is well settled, and indeed conceded by counsel for plaintiff, that in a suit on a bond thus generally conditioned the special item of attorney's fees are not recoverable, and further that where the bond was taken by a federal court in a proceeding pending therein its interpretation and construction, including the scope of the obligations imposed, must be governed by the federal law applicable to the subject, whether such law eminates from the opinions of the federal courts or consists in an act of Congress, or whether the suit on the bond is brought in a state or federal court. Bein v. Heath, *supra;* Oelrichs v. Spain, 15 Wall. 211; Tullock v. Mulvane, 184 U. S. 497; Missouri, etc., Ry. Co. v. Elliott, 184 U. S. 530, 14 R. C. L. 486, and note to case of Littleton v. Burgess, 16 L. R. A. (N. S.) 50. It is therefore unnecessary to protract this opinion by a further discussion of point (a) in contention (1) made by defendant's counsel, since its correctness neither is nor can be disputed.

The next question is does it necessarily follow as a consequence of the rule just considered that an imposed stipulation for the recovery of attorney's fees, should the injunction be dissolved, and the insertion of it in the bond, are each void and of no obligatory force, as is insisted in point (b) of ground (1) urged for a reversal? The only possible ground upon which such a contention could be made, and indeed the only one upon which it is made, is that the federal rule disallowing the recovery of attorney's fees in suits upon bonds of this nature is an enunciation of a federal public policy upon the subject and that such rule of enunciated public policy may not be avoided by an express stipulation to the contrary contained in the bond, and in support of this contention a few isolated and disconnected quotations are made from the opinions in some of the cases, *supra,* the principal one of which is that of Bein v. Heath. In that case the injunction bond taken by a federal court instead of following the form prescribed by the judge was patterned after a form prescribed by the practice in the state of Louisiana, in which state the suit was filed, and under whose laws attorney's fees were recoverable in a suit on that form of bond without an express stipulation to that effect. The suit on the bond was filed in a state court of Louisiana, whose Supreme Court affirmed a judgment allowing the recovery of attorney's fees, and it was in an appeal from that judgment that the Supreme Court of the United States rendered its opinion. The substance of its holding therein was only that attorney's fees were not recoverable in a suit on a bond containing general language for the payment of damages (following the federal rule on the subject) although the bond followed the form adopted by the prevailing practice under the state law rather than that usually adopted in the federal courts. Counsel quote from that opinion this:

"The 8th rule authorizes the circuit court, both judges concurring, to modify the process and practice in their respective districts. But this applies only to forms of proceeding and mode of practice, and certainly would not authorize the adoption of the Louisiana law, defining the rights and obligations of parties to an injunction bond. Nor do we suppose any such rule has been adopted by the court. And if it has, it is unauthorized by law, and cannot regulate the rights or obligations of the parties" and insists that the last sentence is an expression by the Supreme Court, denying the right of the court grant-

ing the injunction to require an obligation to pay attorney's fees as an item of damage. But we do not so construe the language of the opinion. It means and could only mean that the trial federal court could not adopt a rule permitting the recovery of attorney's fees in a suit on the bond, in the absence of a stipulation therefor, because such a rule would be in direct conflict with the prevailing one adopted by the federal courts, as we have seen, upon that subject. Nor do we find anything in the Russell, or the Elliott, or the Mulvane cases, or the case of Missouri Pacific Ry. Co. v. Larabee, 234 U. S. 459 (all relied on by defendant) sustaining the contention that the order requiring the stipulation in the bond sued on herein for the recovery of attorney's fees was void or that it violated any federal public policy.

That it is competent for federal judges, in the exercise of a sound discretion, to impose terms and conditions upon the plaintiff in applying for temporary injunctions, provided the terms and conditions are not for any reason illegal, there can be no question.

Their discretion, in such cases, is to be exercised in the light of the facts of each case. 14 R. C. L. 473-4; Russell v. Farley, *supra*, and High on Injunctions, 3rd edition, sections 1620 and 1656. In the Russell case the court's power in these respects is thus stated:

"It is a settled rule of the court of chancery, in acting on applications for injunctions, to regard the comparative injury which would be sustained by the defendant, if an injunction were granted, and by the complainant, if it were refused. Kerr on Injunctions, 209, 210. And if the legal right is doubtful, either in point of law or of fact, the court is always reluctant to take a course which may result in material injury to either party; for the damage arising from the act of the court itself is *damnum absque injuria,* for which there is no redress except a decree for the costs of the suit, or, in a proper case, an action for malicious prosecution. To remedy this difficulty, the court, in the exercise of its discretion, frequently resorts to the expedient of imposing terms and conditions upon the party at whose instance it proposes to act. The power to impose such conditions is founded upon, and arises from, the discretion which the court has in such cases, to grant, or not to grant, the injunction applied for. It is a power inherent in the court, as a court of equity, and has been exercised from time immemorial."

Further along in the opinion, the court, quoting with approval from Kerr on Injunctions, section 212, said:

"In balancing the comparative convenience or inconvenience from granting or withholding an injunction, the court will take into consideration what means it has of putting the party who may be ultimately successful in the position he would have stood if his legal rights had not been interfered with. The court may often by imposing terms on the one party, as the condition of either granting or withholding the injunction, secure the other party from damage in the event of his proving ultimately to have the legal right. . . . The defendant may be required to do such acts, or execute such works, or otherwise deal with the same as the court shall direct; or to enter into an undertaking to refrain from doing in the meantime the acts complained of by the bill, or to abide the order the court may make as to damages or otherwise, in the event of the legal right being determined in favor of the plaintiff . . . So, on the other hand, as a condition of granting an injunction, the court may require the plaintiff to enter into an undertaking as to damages in the event of the right at law being determined in favor of the defendant, and the injunction proving to have been wrongly granted."

In the subsequent case of Meyers v. Block, 120 U. S. 206, the same doctrine is thus announced:

"As to the power of a court of equity to impose any terms in its discretion as a condition of granting or continuing an injunction, there can be no question. This subject is considered in the case of Russell v. Farley, 105 U. S. 433."

In the Bein case, so much relied on by counsel, the power of the federal court in an injunction case to impose conditions and terms before granting the order is thus stated:

"And if, in the judgment of the court, the principles of equity require that a bond should be given, it (the court) prescribes the penalty and the condition also."

Mr. Foster, in the 4th edition of his valuable work on Federal Practice, in section 236, states the same doctrine and in the following section, in discussing the elements of damage usually recoverable in a suit on an injunction bond, says that attorney's fees are rejected under the federal practice but that "the court might direct the inser-

tion of a clause in the bond, providing that counsel's fees should be included in the damages.''

After a most careful search we have found no authority nor have we been referred to any establishing the principle contended for, i. e., that the disallowance by federal courts of attorney's fees as an element of damage in a suit on an injunction bond is in furtherance of a federal public policy. Nor have we found any authority or been referred to any disallowing such special damages when they are expressly stipulated for in the injunction bond executed pursuant to conditions imposed by the court, in the exercise of a sound discretion, requiring their insertion. There was no objection or exception by defendant to the required stipulation by the Arizona court, which no doubt knew that the relief there being sought was available to the defendant in the local courts of Kentucky and that the choosing of that court, which the defendant had a right to select, imposed expensive burdens upon the plaintiff which were likely to continue (as they did) for some considerable time, and it is quite possible that these facts, and perhaps others, influenced the court in requiring the stipulation for attorney's fees. We think the court was right in this matter and that in doing so there was no abuse of discretion. Civil law was created among men to enforce that which is right and to prevent that which is wrong. The mudsill of the entire structure is the administration of justice, and justice consists, in part, in requiring one who is *sui juris* in the absence of some form of fraud, to observe and abide by the obligations of his contracts. Of course, this must be done according to prescribed rules and forms, but before the central idea, as above outlined, will be denied in a particular case, it must clearly appear that some such rule or form, as relied on, has an actual existence and that the particular case comes clearly within its terms. Having found no such rule in this case we are constrained to the conclusion that defendant executed the bond sued on with its eyes open and under such circumstances as to demand of it the fulfillment of its obligations.

In disposing of ground (2) urged for a reversal, we are convinced that learned counsel misconceive the legal principles applicable to the facts in this case. The argument is made that the Arizona suit was only ancillary to the Kentucky one and that plaintiff's attorneys, under their employment in the latter for a contingent fee,

were obligated to defend the ancillary one; that if plaintiff paid an additional fee for the defense of that suit it did so when it was not compelled to and it can not collect it in this suit on the injunction bond. But, if we should concede, for the purpose of argument only, that the Arizona suit was purely ancillary to the one in Kentucky, and further, that plaintiff's counsel, before they could receive their fee, were compelled to defend the ancillary suit, it would not necessarily follow that it was within the contemplation of the parties, when the original employment of counsel was made, that there would be an ancillary suit filed based upon facts having no existence at the time of the contract of employment and brought several thousand miles away from the scene of the original controversy. Nor does it necessarily follow that plaintiff may not collect what would be a reasonable fee to defend that suit when the Guaranty Company and its surety had expressly agreed to pay it if the injunction should be finally denied, in which case the plaintiff would recoup only a *pro tanto* part of the thirty per centum (30%) contingent fee, which it agreed to pay its attorneys in prosecuting the Kentucky suit. The question is not one between plaintiffs and their attorneys, as to which of them is entitled to the recovered fee, but it is one involving plaintiff's right to recoup from the defendants in this suit a part of the agreed contingent fee, the recovery to be measured by what is a reasonable fee for services in defending the injunction suit, upon the ground that the defendant had agreed to pay it. If the obligation to pay it was valid (as we have determined it was) no prior agreement between plaintiff and its attorneys, and to which defendant was in no wise a privy, may be relied on as a defense in this suit. We, therefore, conclude that ground (2) relied on constitutes no available defense.

The other points raised may be said to be insignificant and immaterial and upon the whole case we find no error prejudicial to the substantial rights of the defendants, and the judgment is affirmed.